**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **CANNABIS DEVELOPMENT COMPANY LLC,**<br>**a California limited liability company,**<br><br>     **Plaintiff,**<br><br>     **v.**<br><br>**LUCIUS DWANYE MCDADE, Jr.,**<br>**an individual,**<br><br>     **Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)   **Case No. 1:25-cv-02665**<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF CANNABIS DEVELOPMENT COMPANY LLC'S MEMORANDUM
IN SUPPORT OF ITS MOTION FOR TEMPORARY RESTRAINING
ORDER TO PRESERVE THE STATUS QUO**

**Introduction**

Cannabis Development Company LLC ("CannDevCo") and Lucius Dwayne McDade, Jr. ("McDade") partnered to secure a conditional cannabis license from the State of Illinois. McDade qualified and served as the applicant for a social equity license. CannDevCo provided all of the funding and cleared all the procedural hurdles to secure the license. Immediately following the award of the conditional license which, in turn, triggered deadlines that were to expire in one hundred eighty (180) days, McDade ceased communicating with CannDevCo in the fall of 2024. McDade also changed contact information with the Illinois Department of Financial and Professional Regulation ("IDFPR") so that CannDevCo no longer had access to information related to the conditional license. After multiple efforts to engage McDade, he responded. McDade renewed his commitment to CannDevCo and the joint venture and continued working with CannDevCo to open a cannabis dispensary.

Last month, McDade abruptly ceased communications with his partner a second time, though CannDevCo eventually learned why. McDade recently informed CannDevCo he intends to partner with another to open a dispensary or sell his license and abandon CannDevCo. The agreement into which CannDevCo and McDade entered prohibits the very conduct in which McDade is now engaged. Absent injunctive relief, CannDevCo's harm will be immediate, permanent and irreparable.

**Facts Supporting Injunctive Relief**

**A.      The Cannabis Regulation and Tax Act.**

In 2019, the Illinois legislature enacted the Cannabis Regulation and Tax Act ("CRTA" or the "Act"), 410 ILCS 705, *et seq*. CRTA legalized recreational cannabis use, or "adult-use." (Ver. Cmplt. at ¶8)  CRTA provides the Illinois Department of Financial and Professional Regulation ("IDFPR") with discretion to adopt and enforce rules required for the Acts administration, as well as the licensing and regulation of dispensaries. The IDFPR has the authority to create and implement a license application and award process. (Ver. Cmplt. at ¶¶8-9)

In 2022, the IDFPR announced it would award fifty-five (55) Conditional Licenses through a "Social Equity Lottery." The application submission deadline was extended several times with a final deadline of April 21, 2023. The Social Equity Lottery process (the "Regulations") is governed by IDFPR promulgated regulations. (Ver. Cmplt. at ¶10)  With respect to the application process, the IDFPR (1) publishes a list of applicants eligible for the Social Equity Lottery; (2) conducts the Social Equity Lottery involving eligible applicants; (3) identifies the "Top Participants" (defined as "an applicant drawn by lot in a winning slot such that it has the opportunity to be issued a conditional license"); (4) allows the Top Participants to "prove up" their

Social Equity status; and finally (5) awards Conditional Licenses to "proved up" Top Participants. (Ver. Cmplt. at ¶12)

**B.      CannDevCo Partners with McDade.**

In early 2023, CannDevCo was introduced to McDade.  McDade qualified to participate in the Social Equity Lottery, although he had no previous knowledge of the program.  (Ver. Cmplt. at ¶16)  Beginning in February 2023, CannDevCo provided McDade with information about the Social Equity Lottery.  CannDevCo also proposed an agreement pursuant to which CannDevCo would do all work and incur all the expenses qualifying McDade as a Social Equity Applicant. McDade agreed.  (Ver. Cmplt. at ¶¶17-19)

More specifically, CannDevCo agreed to pay all fees and expenses related to McDade applying to participate in the Social Equity Lottery and if McDade were successful in securing a license in the Social Equity Lottery, CannDevCo would develop and open a cannabis dispensary with the Social Equity License and pay McDade various sums of money, including: (i) an initial cash payment of $200 upon McDade providing CannDevCo with all documentation needed to qualify for the Social Equity Lottery; (ii) an annual salary of $40,000 paid quarterly, each year that the dispensary operates, with annual salary increases of 3% per year; and (iv) a payment of $150,000 in the event CannDevCo were able and willing to purchase the cannabis license from McDade in the future.  (Ver. Cmplt. at ¶18)

On March 3, 2023, CannDevCo and McDade entered into a Cannabis Retail Venture Agreement (the "Agreement").  (Ver. Cmplt. at ¶19 and Exhibit 1 to same)  As provided in the Agreement, CannDevCo prepared and submitted McDade's application into the Lottery application for the central region of Illinois, and paid the application fee to IDFPR.  (Ver. Cmplt. at ¶20)  CannDevCo's representative was identified as a point of contact for IDFPR.  (*Id.*)

**C. CannDevCo and McDade are Successful in Securing the Social Equity License.**

On July 13, 2023, McDade was selected by the IDFPR as one of the 55 "Top Participants" from the Social Equity Criteria Lottery, and the sole Lottery selection for the central region of Illinois. McDade was conditionally qualified to receive a cannabis dispensary license. (Ver. Cmplt. at ¶26) Following the initial selection, IDPFR required further documentation from McDade to confirm McDade was qualified to be a Social Equity Applicant. (Ver. Cmplt. at ¶27)

Starting in July 2023, and pursuant to Paragraphs 4 and 9 of the Agreement, CannDevCo worked with McDade to obtain and submit the required documentation. (Ver. Cmplt. at ¶27) CannDevCo also formed an Illinois limited liability company (the "LLC"), for the sole purpose of applying for a Conditional Adult Use Dispensing Organization License (the "License"). CannDevCo made McDade the sole member of the LLC. (Ver. Cmplt. at ¶25)

During the documentation period, IDFPR notified Applicant LLC of various deficiencies in McDade's documentation. For example, in November 2023, IDPFR notified McDade and the LLC that McDade had unpaid Illinois State Taxes that rendered the application deficient. In December 2023, CannDevCo paid McDade's past-due taxes and obtained a clearance letter from the Illinois Department of Revenue as required for McDade and LLC to ultimately secure the License. (Ver. Cmplt. at ¶28)

CannDevCo worked to cure all of the various other deficiencies in the LLC's and McDade's documentation ultimately secure the License. During that time, McDade demanded payments CannDevCo in exchange for providing the IDPFR-required documentation. CannDevCo and McDade agreed these payments were advances against amounts due from CannDevCo to McDade. (Ver. Cmplt. at ¶29)

On April 18, 2024, IDPFR advised McDade he had qualified for a conditional license after

4

"review of your Criteria A and B documentation."  On June 7, 2024, the IDFPR provided formal notice that the LLC and McDade had been issued the sole and exclusive Conditional License for an entire central Illinois region.  Thereafter, the LLC had 180 days to identify a qualifying location for a cannabis dispensary.  The Conditional License expires on June 8, 2025.  (Ver. Cmplt. at ¶¶30-31)

CannDevCo attempted to contact McDade on multiple occasions and by multiple means regarding McDade's cooperation and to satisfy additional regulatory requirements following the IDFPR determination of McDade's eligibility to receive a conditional license.  McDade refused to return calls or respond to emails.  McDade also changed his telephone number and disabled his email so that CannDevCo is not able to contact him.  (Ver. Cmplt. at ¶32)

On September 30, 2024, an uncle and confidant of McDade, Jacobi McDade ("Jacobi"), provided CannDevCo with McDade's new phone number and, shortly thereafter, McDade resumed communications with CannDevCo.  McDade agreed to a dinner meeting with CannDevCo representatives, but only after CannDevCo agreed to pay McDade for his time, which it did.  McDade, Jacobi and CannDevCo's representative met for dinner at the Chicago Firehouse Restaurant and reviewed the parties' contractual relationship, obligations to one another and commitment to the venture going forward. McDade provided assurances that he would cooperate as required to move the license process forward.  (Ver. Cmplt. at ¶¶33-35) Between October 2024 to February 2025, CannDevCo employees travelled to central Illinois on several occasions to view real estate, negotiate with landlords for potential dispensary locations, and confer with zoning commission representatives.  Throughout December 2024 and January 2025, CannDevCo provided McDade additional advances against future earnings, all at McDade's request.  (Ver. Cmplt. at ¶¶36-37)

In January 2025, CannDevCo identified and selected a location for a dispensary. Thereafter, CannDevCo engaged an architect to prepare renderings and plans for a build-out sufficient to obtain Illinois regulatory approvals. At the time, CannDevCo was advised by a regional zoning commission official that it will take approximately three months to get the local zoning approved as a conditional use permit is required. On January 28, 2025, CannDevCo advised McDade that he needed to sign a new Principle Officers Form and submit fingerprints as the next state required step for approval of the dispensary location. On January 30, 2025, after receiving additional monies from CannDevCo per McDade's demand, McDade told CannDevCo he traveled to the fingerprinting office but the person responsible for taking the fingerprints was not present. The fingerprinting company reported McDade never showed up to get fingerprinted. On January 31, 2025, CannDevCo again requested McDade to get to the fingerprinting office and paid his travel expenses in advance. McDade agreed but once again never showed up. (Ver. Cmplt. at ¶¶38-41)

Between February 4 and February 14, 2025, CannDevCo attempted to contact McDade through text messages and phone calls about concluding the License required fingerprinting process. McDade did not respond. (Ver. Cmplt. at ¶42) Finally, on March 2, 2025, McDade picked up the phone when CannDevCo called yet again. During that call, McDade told CannDevCo that he decided to not cooperate with CannDevCo in obtaining a License and that he had a relationship with a "local person" in the cannabis industry with whom he intended to work with his License, the same License secured by CannDevCo. Shortly thereafter, McDade blocked CannDevCo from texting or calling his number. (Ver. Cmplt. at ¶44)

Despite repeated assurances by McDade that he would follow through with the opening of a cannabis storefront with CannDevCo upon securing a License, McDade apparently has

entered, or is attempting to enter into, an agreement with another individual or entity to sell or transfer his interest in the License or otherwise exclude CannDevCo from recovering its investment or participating in the development and use of the License. Absent immediate injunctive relief, CannDevCo will suffer irreparable harm to its business interests and be unable to recover its investment in this joint venture. (Ver. Cmplt. at ¶45)

### Argument

To support issuing a temporary restraining order a plaintiff must demonstrate: (1) some likelihood of success on the merits; (2) no adequate remedy at law exists; and (3) irreparable injury if the TRO is not issued. *See, e.g., Ty, Inc. v. Jones Group, Inc.*, 237 F.3d 891, 895 (7th Cir. 2001); *see also Promatek Indus., Ltd. v. Equitrac Corp.*, 300 F.3d 808, 811 (7th Cir. 2002). The "threshold is low" when measuring the likelihood of success on the merits. *Roland Machine Co. v. Dresser Industries, Inc.*, 749 F.2d 380, 387 (7th Cir. 1984). It requires only a showing of a "better than negligible chance" for success. *Lettuce Entertain You Entr., Inc. v. Leila Sophia AR*, LLC, 703 F.Supp.2d 777, 783 (N.D. Ill. 2010); *see also Omega Satellite Products Co. v. City of Indianapolis*, 694 F.2d 119, 123 (7th Cir. 1982). An inadequate remedy at law "does not mean wholly ineffectual; rather, the remedy must be seriously deficient as compared to the harm suffered." *Foodcomm Int'l. v. Barry*, 328 F.3d 300, 304 (7th Cir. 2004).

Once the above three conditions are met, the court then considers (1) the harm to defendant if the TRO is issued, balanced against the harm suffered by plaintiff if denied; and (2) whether public interest will be harmed by the requested injunctive relief. *Ty, Inc.*, 237 F.3d at 895. "[T]he more likely the plaintiff is to succeed on the merits, the less the balance of harms need favor the plaintiff's position." *Id.; Abbot Labs. v. Mead Johnson & Co.*, 971 F.2d 6, 12 (7th Cir. 1992).

A.      **CannDevCo is Likely to Succeed on the Merits.**

CannDevCo and McDade entered into a contract that delineated each parties' rights and obligations. After expending considerable resources to secure a conditional license in McDade's name, he has terminated all communication and refused to provide CannDevCo with the same previous access to information with the IDFPR to move forward with their joint venture. Discussion, *supra*. Indeed, he is attempting to partner with another, cut CannDevCo out and deprive CannDevCo from recovering its considerable investment, as well as future financial benefits.

As for McDade's scheme to defraud, CannDevCo's allegations involve a "pattern of fraudulent acts." *Speakers of Sport, Inc. v. ProServ, Inc.*, 178 F.3d 862,866 (7th Cir. 1999); *see also, Bower v. Jones*, 978 F2d 1004, 1012 (stating that "a claimant must be able to point to specific, objective manifestations of fraudulent intent – a scheme or device"). In this case, McDade ceased communications with CannDevCo not once, but twice. The most recent cessation of communications, as confessed by McDade, are due to McDade's intention and efforts to partner with another person or entity and presumably extract greater financial benefits with the License secured, and the real estate development commenced, by CannDevCo. McDade made repeated representations and gave CannDevCo repeated insurances that he was committed to seeing this joint venture through, all of which were false. CannDevCo has a high likelihood of success on its fraud claim.

Regarding the breach of contract claim, CannDevCo must allege (1) the existence of a valid, binding and enforceable contract, (2) compliance by CannDevCo with the terms of the contract, or that it is ready, willing and able to perform, (3) the refusal by McDade to perform his part of the contract; and (4) damages resulting from the alleged breach. *E.g., Swyear v. Fare Foods*

*Corp.*, 911 F.3d 874, 886 (7th Cir. 2018); *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 764 (7th Cir. 2010) (citing *W.W. Vincent & Co. v. First Colony Life Ins. Co.*, 814 N.E.2d 960, 967 (Ill.App.Ct. 2004).

Here, McDade terminated CannDevCo's access to information with the IDFPR regarding the License. McDade has also refused to communicate with CannDevCo for purposes of securing and developing real property upon which to operate the dispensary and ensure that the conditional license becomes a full license, with all its benefits. McDade recently confessed why: he intends to partner with another person or entity to presumably extract greater financial benefits. The abrupt termination of all contact with CannDevCo, and McDade's confessed intention to take that for which CannDevCo paid (the License and initial property development) and partner with another party for presumably a greater financial reward are express violations of his contractual obligations. McDade has continuing obligations to CannDevCo. The Conditional License expires on June 8, 2025. McDade cannot sell or encumber the License CannDevCo worked to secure with McDade. Discussion, *supra*. The likelihood of success is more than negligible; it is likely. *Lettuce Entertain You Entr., Inc. v. Leila Sophia AR, LLC*, 703 F.Supp.2d 777, 783 (N.D. Ill. 2010); *Omega Satellite Products Co. v. City of Indianapolis*, 694 F.2d 119, 123 (7th Cir. 1982).

## B.    Inadequate Remedy at Law.

For there to be an adequate remedy at law, the legal remedy must be "clear, complete, and as practical and efficient [as the potential] equitable remedy." *Leen v. Carr*, 945 F.Supp. 1151, 1157 (N.D. Ill. 1996). "In saying that the plaintiff must show that an award of damages at the end of trial will be inadequate, [courts] do not mean wholly ineffectual; [they] mean seriously deficient as a remedy for the harm suffered." *Roland Machine Co.*, 749 F.2d at 386 (recognizing inadequate

remedy at law where damage award may come too late to save the plaintiff's business and the nature of plaintiff's loss make damages difficult to calculate).

This litigation is about the protection of CannDevCo's contractual rights, the substance of which will be litigated in an arbitration proceeding pursuant to the Agreement. So that CannDevCo's arbitration efforts are not wasted or are futile, it is necessary to enjoin McDade from selling the License or conveying or encumbering the License (or any rights associated therewith). If the License is conveyed, the harm to CannDevCo will be difficult to calculate, if not impossible. *SSA Foods Inc. v. Giannotti*, 434 N.E.2d 460, 464 (Ill.App.Ct.. 1982) (confusion caused to SSA's customers and resulting injury to SSA's reputation and business is irreparable harm); *ABC Trans Nat. Transp., Inc. v. Aeronautics Forwarders, Inc.*, 379 N.E.2d 1228, 1237 (Ill.App.Ct. 1978) ("the existence of a remedy at law does not deprive equity of its power to grant injunctive relief unless the remedy is adequate"). A legal remedy here is not as "clear, complete, and…practical," as the injunctive relief sought. *Leen,* 945 F.Supp. at 1157.

Moreover, McDade has limited resources and is unable to repay the loans made by CannDevCo to McDade or otherwise repay the monies CannDevCo fronted in securing the License and developing the store property. Indeed, McDade recently filed bankruptcy. *See* Bankruptcy Petition attached as Exhibit 1. Absent the requested injunctive relief (prohibiting McDade from selling or conveying the License or partnering with another third party until the conclusion of the arbitration), further damage to CannDevCo is likely to occur that cannot be fully addressed or remedied by a damages award.

## C.    Irreparable Harm.

Irreparable harm to a plaintiff does not mean injury beyond compensation and damages; rather, it indicates continuing transgressions.  *Pro's Sports Bar & Grill, Inc. v. City of Country Club Hills*, 589 F.3d 865, 873 (7th Cir. 2009).  Here, the injunctive relief will merely preserve the status quo and prevent McDade from selling or conveying the License or License rights, the subject of the Agreement.  Once the License is conveyed or sold or encumbered, there is no mechanism for fully recapturing its value for CannDevCo.  *YTB Travel Networks of Illinois, Inc. v. McLaughlin*, 2009 WL 1609020, *5 (S.D. Ill. June 9, 2009) (irreparable harm exists where defendant's actions impair plaintiff's business relations); *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of U.S. of Am., Inc.*, 549 F.3d 1079, 1089 (7th Cir. 2008) (citing *Roland Machine Company vs. Dresser Industries*, 749 F.2d 380, 386 (7th Cir. 1984) (a harm is "irreparable" if it "cannot be prevented or fully rectified by the final judgment after trial").

Moreover, loss of business opportunities is a valid ground for finding irreparable harm. *Scholle Corp. v. Rapak LLC*, 35 F. Supp. 3d 1005, 1014 (N.D. Ill. 2014), *opinion clarified*, No. 13 C 3976, 2014 WL 3687734 (N.D. Ill. July 24, 2014).  It is precisely the difficulty of pinning down what business has been or will be lost that makes an injury irreparable.  *Hess Newmark Owens Wolf, Inc. v. Owens*, 415 F.3d 630, 632 (7th Cir. 2005). *Aon Risk Servs. Companies, Inc. v. Alliant Ins. Servs., Inc.*, 415 F. Supp. 3d 843, 851–52 (N.D. Ill. 2019) (unquantifiable losses, along with the loss of competitive position in the industry or overall value to potential investors, constitutes irreparable harm).   As one Court recently observed:

> risk of loss of market share, loss of customers, and loss of access to potential customers" can constitute irreparable harm […] Irreparable harm can result from the "complete loss" of an important customer relationship […] or where "a former insider lures customers away through a competing business […] Irreparable harm is especially likely to stem from losses in a market environment where, once lost to a competitor, customers are difficult to win back. […]

*Life Spine, Inc. v. Aegis Spine, Inc.*, No. 19 CV 7092, 2021 WL 963811, at *21 (N.D. Ill. Mar. 15, 2021), *aff'd,* 8 F.4th 531 (7th Cir. 2021), and *modified in part,* No. 19 CV 7092, 2023 WL 3947610 (N.D. Ill. June 12, 2023). The *Life Spine* Court found that defendant's actions eroding plaintiff's ability to win "niche contracts" based on the uniqueness of its products supported finding of irreparable harm.

Based on the above, the loss of market share as a result of the loss of the only License recently issued to open a cannabis dispensary in the central region of Illinois results in irreparable injury. There are limited retail cannabis dispensaries operating in the area. Capturing market share is of paramount importance in this burgeoning industry and the License granted here, which expires on June 8, 2025, provides a unique opportunity. At bottom, once market share and competitive position is lost, the injury to CannDevCo will be irreparable.

**D.    Balancing of the Hardships and Public Interest.**

Because of the strong likelihood of success here, the sliding-scale approach means the balancing of harms is a low threshold. *Ty, Inc.*, 237 F.3d at 895-96. Indeed, Defendants would <u>not</u> be harmed if the Court entered the limited, temporary relief requested – McDade will only be precluded from selling or conveying the License CannDevCo worked and exhausted resources to obtain. Regarding public interest, the Court's primary concern is to ensure issuing an injunction will not disserve or harm the public. *Gateway E. Ry. Co. v. Terminal RR Associates of St. Louis*, 35 F.3d 1134, 1139, n.3 (7th Cir. 1994). Here, McDade's contractual obligations are clear. If he is allowed to convey or sell the License, the harm caused would be extraordinary to CannDevCo.

On the other hand, ordering McDade not to convey or sell or encumber the License is no burden at all. It is McDade's contractual obligation. To the extent there are additional issues to

litigate in their relationship, those will be addressed in an arbitration. For now, it is necessary to preserve the status quo.

WHEREFORE, Plaintiff Cannabis Development Company LLC, respectfully requests this Court enter the following relief:

a) Enter a temporary restraining order, and thereafter a preliminary and permanent injunction, enjoining McDade from entering into an agreement that impacts, in any way, CannDevCo's contractual rights under the Agreement;

b) Enter a temporary restraining order, and thereafter a preliminary and permanent injunction, enjoining McDade from encumbering, transferring, pledging, selling or otherwise disposing of, in any way, the License until further Order of this Court;

c) Enter a mandatory injunction requiring McDade to reinstate CannDevCo's representative as a contact person for the license opportunity with the IDFPR and thereafter, a preliminary and permanent injunction enjoining McDade from removing the CannDevCo representative until further Order of this Court;

d) Award CannDevCo reasonable attorneys' fees and costs incurred in this action; and

e) Grant such other and further relief that this Court deems equitable and just.

Respectfully submitted,

**CANNABIS DEVELOPMENT COMPANY LLC**

By:     _/s/ *Patrick Cooke*_____
               One of its attorneys

Patrick G. Cooke (ARDC No. 6229059)
Michael W. Drumke (ARDC No. 6210473)
Benjamin D. Lothson (ARDC No. 6330050)
Swanson, Martin & Bell, LLP
330 North Wabash Avenue, Suite 3300
Chicago, Illinois 60611
(312) 321-9100
(312) 321-0990 – Fax
mdrumke@smbtrials.com
pcooke@smbtrials.com
blothson@smbtrials.com

# EXHIBIT 1

**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

___Northern___ District of: __Illinois__
(State)

Case number (if known) _____

Chapter you are filing under:

☐ Chapter 7
☐ Chapter 11
☐ Chapter 12
☑ Chapter 13

☐ Check if this is an amended filing

# Official Form 101

# Voluntary Petition for Individuals Filing for Bankruptcy
**12/22**

The bankruptcy forms use *you* and *Debtor 1* to refer to a debtor filing alone. A married couple may file a bankruptcy case together—called a *joint case*—and in joint cases, these forms use *you* to ask for information from both debtors. For example, if a form asks, "Do you own a car," the answer would be *yes* if either debtor owns a car. When information is needed about the spouses separately, the form uses *Debtor 1* and *Debtor 2* to distinguish between them. In joint cases, one of the spouses must report information as *Debtor 1* and the other as *Debtor 2*. The same person must be *Debtor 1* in all of the forms.

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1: Identify Yourself

|  | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|
| **1. Your full name**<br><br>Write the name that is on your government-issued picture identification (for example, your driver's license or passport)<br><br>Bring your picture identification to your meeting with the trustee. | **Lucius**<br>First name<br>**D**<br>Middle name<br>**McDade**<br>Last name<br>_____<br>Suffix (Sr., Jr., II, III) | First name<br><br>Middle name<br><br>Last name<br><br>Suffix (Sr., Jr., II, III) |
| **2. All other names you have used in the last 8 years**<br><br>Include your married or maiden names and any assumed, trade names and *doing business as* names.<br><br>Do NOT list the name of any separate legal entity such as a corporation, partnership, or LLC that is not filing this petition. | **Lucius**<br>First name<br><br>Middle name<br>**McDade**<br>Last name<br><br>First name<br><br>Middle name<br><br>Last name<br><br>Business name (if applicable)<br><br>Business name (if applicable) | First name<br><br>Middle name<br><br>Last name<br><br>First name<br><br>Middle name<br><br>Last name<br><br>Business name (if applicable)<br><br>Business name (if applicable) |
| **3. Only the last 4 digits of your Social Security number or federal Individual Taxpayer Identification number (ITIN)** | XXX – XX– __9817_____<br>OR<br>9 xx – xx– _____ | XXX – XX– _____<br>OR<br>9 xx – xx– _____ |

| Debtor 1 | Lucius | | D | | McDade | | Case number *(if known)* | |
| | First Name | | Middle Name | | Last Name | | | |

| | | **About Debtor 1:** | **About Debtor 2 (Spouse Only in a Joint Case):** |
|---|---|---|---|

**4. Your Employer Identification Number (EIN), if any.**

EIN _____

EIN _____

EIN _____

EIN _____

**5. Where you live**

1301 Elgin Ave, GW
Number          Street

Forest Park          Illinois          60130
City          State          Zip Code

Cook
County

**If your mailing address is different from the one above, fill it in here.** Note that the court will send any notices to you at this mailing address.

Number          Street

P.O. Box

City          State          Zip Code

**If Debtor 2 lives at a different address:**

Number          Street

City          State          Zip Code

County

**If Debtor 2's mailing address is different from yours, fill it in here.** Note that the court will send any notices to this mailing address.

Number          Street

P.O. Box

City          State          Zip Code

**6. Why you are choosing this district to file for bankruptcy**

*Check one:*

☑ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

☐ I have another reason. Explain. (See 28 U.S.C. §§ 1408.)

*Check one:*

☐ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

☐ I have another reason. Explain. (See 28 U.S.C. §§ 1408.)

| Debtor 1 | Lucius | | D | | McDade | Case number *(if known)* _____ |
|---|---|---|---|---|---|---|
| | First Name | | Middle Name | | Last Name | |

## Part 2: Tell the Court About Your Bankruptcy Case

**7. The chapter of the Bankruptcy Code you are choosing to file under**

*Check one.* (For a brief description of each, see *Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy* (Form B2010)). Also, go to the top of page 1 and check the appropriate box.

- ☐ Chapter 7
- ☐ Chapter 11
- ☐ Chapter 12
- ☒ Chapter 13

**8. How you will pay the fee**

☒ **I will pay the entire fee when I file my petition.** Please check with the clerk's office in your local court for more details about how you may pay. Typically, if you are paying the fee yourself, you may pay with cash, cashier's check, or money order. If your attorney is submitting your payment on your behalf, your attorney may pay with a credit card or check with a pre-printed address.

☐ **I need to pay the fee in installments.** If you choose this option, sign and attach the *Application for Individuals to Pay Your Filing Fee in Installments* (Official Form 103A).

☐ **I request that my fee be waived** (You may request this option only if you are filing for Chapter 7. By law, a judge may, but is not required to, waive your fee, and may do so only if your income is less than 150% of the official poverty line that applies to your family size and you are unable to pay the fee in installments). If you choose this option, you must fill out the *Application to Have the Chapter 7 Filing Fee Waived* (Official Form 103B) and file it with your petition.

**9. Have you filed for bankruptcy within the last 8 years?**

- ☐ No.
- ☒ Yes.

| | District | When | Case number |
|---|---|---|---|
| | Northern District of Illinois | 8/12/2019 | 1:2019bk22622 |
| District | | When | Case number |
| | | MM / DD / YYYY | |
| District | | When | Case number |
| | | MM / DD / YYYY | |

**10. Are any bankruptcy cases pending or being filed by a spouse who is not filing this case with you, or by a business partner, or by an affiliate?**

- ☒ No.
- ☐ Yes.

| | Debtor | | Relationship to you |
|---|---|---|---|
| | District | When | Case number, if known |
| | | MM / DD / YYYY | |
| | Debtor | | Relationship to you |
| | District | When | Case number, if known |
| | | MM / DD / YYYY | |

**11. Do you rent your residence?**

- ☐ No. Go to line 12.
- ☒ Yes. Has your landlord obtained an eviction judgment against you?
  - ☒ No. Go to line 12.
  - ☐ Yes. Fill out *Initial Statement About an Eviction Judgment Against You* (Form 101A) and file it with this bankruptcy petition.

Debtor 1   Lucius _____ D _____ McDade _____   Case number *(if known)* _____
                First Name            Middle Name            Last Name

| **Part 3:** | **Report About Any Businesses You Own as a Sole Proprietor** |
|---|---|

**12. Are you a sole proprietor of any full- or part-time business?**

☑ **No.** Go to Part 4.

☐ **Yes.** Name and location of business

A sole proprietorship is a business you operate as an individual, and is not a separate legal entity such as a corporation, partnership, or LLC.

If you have more than one sole proprietorship, use a separate sheet and attach it to this petition.

_____
Name of business, if any

_____
Number            Street

_____

_____
City                State            Zip Code

*Check the appropriate box to describe your business:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ None of the above

**13. Are you filing under Chapter 11 of the Bankruptcy Code, and are you a *small business debtor* or debtor as defined by 11 U.S.C § 1182(1)?**

For a definition of small business debtor, see 11 U.S.C. § 101(51D).

*If you are filing under Chapter 11, the court must know whether you are a small business debtor or a debtor choosing to proceed under Subchapter V so that it can set appropriate deadlines.* If you indicate that you are a small business debtor or you are choosing to proceed under Subchapter V, you must attach your most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☑ **No.** I am not filing under Chapter 11.

☐ **No.** I am filing under Chapter 11, but I am NOT a small business debtor according to the definition in the Bankruptcy Code.

☐ **Yes.** I am filing under Chapter 11, I am a small business debtor according to the definition in the Bankruptcy Code, and I do not choose to proceed under Subchapter V of Chapter 11.

☐ **Yes.** I am filing under Chapter 11, I am a small business debtor according to the definition in § 1182(1) of the Bankruptcy Code, and I choose to proceed under Subchapter V of Chapter 11.

| **Part 4:** | **Report if You Own or Have Any Hazardous Property or Any Property That Needs Immediate Attention** |
|---|---|

**14. Do you own or have any property that poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety? Or do you own any property that needs immediate attention?**

*For example, do you own perishable goods, or livestock that must be fed, or a building that needs urgent repairs?*

☑ **No.**

☐ **Yes.** What is the hazard? _____

If immediate attention is needed, why is it needed? _____

Where is the property? _____
Number            Street

_____

_____
City                State            Zip Code

| Debtor 1 | Lucius | D | McDade | Case number *(if known)* |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

**Part 5:**    **Explain Your Efforts to Receive a Briefing About Credit Counseling**

| | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|

**15. Tell the court whether you have received briefing about credit counseling.**

The law requires that you receive a briefing about credit counseling before you file for bankruptcy. You must truthfully check one of the following choices. If you cannot do so, you are not eligible to file.

If you file anyway, the court can dismiss your case, you will lose whatever filing fee you paid, and your creditors can begin collection activities again.

**About Debtor 1:**

*You must check one:*

☑ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.

If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of:**

☐ **Incapacity.** I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

☐ **Disability.** My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

☐ **Active duty.** I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

**About Debtor 2 (Spouse Only in a Joint Case):**

*You must check one:*

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.

If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of:**

☐ **Incapacity.** I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

☐ **Disability.** My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

☐ **Active duty.** I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

| Debtor 1 | Lucius | D | McDade | Case number *(if known)* | |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

## Part 6:  Answer These Questions for Reporting Purposes

**16. What kind of debts do you have?**

**16a. Are your debts primarily consumer debts?** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

☐ No. Go to line 16b.
☒ Yes. Go to line 17.

**16b. Are your debts primarily business debts?** *Business debts* are debts that you incurred to obtain money for a business or investment or through the operation of the business or investment.

☐ No. Go to line 16c.
☐ Yes. Go to line 17.

**16c.** State the type of debts you owe that are not consumer debts or business debts.

_____

**17. Are you filing under Chapter 7?**

**Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available for distribution to unsecured creditors?**

☒ No.  I am not filing under Chapter 7. Go to line 18.

☐ Yes. I am filing under Chapter 7. Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available to distribute to unsecured creditors?

☐ No.

☐ Yes.

**18. How many creditors do you estimate that you owe?**

| ☒ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**19. How much do you estimate your assets to be worth?**

| ☒ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

**20. How much do you estimate your liabilities to be?**

| ☒ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

## Part 7:  Sign Below

**For you**

I have examined this petition, and I declare under penalty of perjury that the information provided is true and correct.

If I have chosen to file under Chapter 7, I am aware that I may proceed, if eligible, under Chapter 7, 11,12, or 13 of title 11, United States Code. I understand the relief available under each chapter, and I choose to proceed under Chapter 7.

If no attorney represents me and I did not pay or agree to pay someone who is not an attorney to help me fill out this document, I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I understand making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

✗ _____/s/ Lucius McDade_____
Signature of Debtor 1

✗ _____
Signature of Debtor 2

Executed on ___11/29/2023___
          MM / DD / YYYY

Executed on _____
          MM / DD / YYYY

| Debtor 1 | Lucius | D | McDade | Case number *(if known)* |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

| **For your attorney, if you are represented by one** | I, the attorney for the debtor(s) named in this petition, declare that I have informed the debtor(s) about eligibility to proceed under Chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each chapter for which the person is eligible. I also certify that I have delivered to the debtor(s) the notice required by 11 U.S.C. § 342(b) and, in a case in which § 707(b)(4)(D) applies, certify that I have no knowledge after an inquiry that the information in the schedules filed with the petition is incorrect. |
|---|---|
| **If you are not represented by an attorney, you do not need to file this page.** | |

✘     /s/ Brittni Hayes            Date    11/29/2023
         Signature of Attorney for Debtor                    MM / DD / YYYY

Brittni Hayes
Printed name

Semrad
Firm name

11101 S. Western Avenue
Number        Street

Chicago                 Illinois               60643
City                       State                 Zip Code

Contact phone     **3126801812**        Email address     **BHayes@semradlaw.com**

Bar number                            State

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | Lucius | D | McDade |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | Northern | District of | Illinois |
| | | | (State) |
| Case number | | | |
| (If known) | | | |

☐ Check if this is an amended filing

# Official Form 106Sum

# Summary of Your Assets and Liabilities and Certain Statistical Information    12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Fill out all of your schedules first; then complete the information on this form. If you are filing amended schedules after you file your original forms, you must fill out a new Summary and check the box at the top of this page.

| Part 1: | Summarize Your Assets |
|---|---|

|  | **Your assets**<br>Value of what you own |
|---|---|
| 1. *Schedule A/B: Property* (Official Form 106A/B) | |
| 1a. Copy line 55, Total real estate, from *Schedule A/B* ................................................................. | $0.00 |
| 1b. Copy line 62, Total personal property, from *Schedule A/B* ......................................................... | $10,450.00 |
| 1c. Copy line 63, Total of all property on *Schedule A/B*................................................................. | $10,450.00 |

| Part 2: | Summarize Your Liabilities |
|---|---|

|  | **Your liabilities**<br>Amount you owe |
|---|---|
| 2. *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 106D) | |
| 2a. Copy the total you listed in Column A, Amount of claim, at the bottom of the last page of Part 1 of *Schedule D* | $24,172.00 |
| 3. *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 106E/F) | |
| 3a. Copy the total claims from Part 1 (priority unsecured claims) from line 6e of *Schedule E/F* ........................... | $1,500.00 |
| 3b. Copy the total claims from Part 2 (nonpriority unsecured claims) from line 6j of *Schedule E/F* ....................... | $12,431.29 |
| **Your total liabilities** | $38,103.29 |

| Part 3: | Summarize Your Income and Expenses |
|---|---|

|  |  |
|---|---|
| 4. *Schedule I: Your Income* (Official Form 106I)<br>Copy your combined monthly income from line 12 of *Schedule I*................................................................. | $2,708.33 |
| 5. *Schedule J: Your Expenses* (Official Form 106J)<br>Copy your monthly expenses from line 22, Column A, of *Schedule J*............................................................. | $2,033.00 |

| Debtor 1 | Lucius | D | McDade | Case number *(if known)* _____ |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

<table>
<tr><td style="background:black;color:white">Part 4:</td><td>**Answer These Questions for Administrative and Statistical Records**</td></tr>
</table>

6. **Are you filing for bankruptcy under Chapters 7, 11, or 13?**

☐ No. You have nothing to report on this part of the form. Check this box and submit this form to the court with your other schedules.

☑ Yes.

7. **What kind of debt do you have?**

☑ **Your debts are primarily consumer debts.** Consumer debts are those incurred by an individual primarily for a personal, family, or household purpose. 11 U.S.C. § 101(8). Fill out lines 8-10 for statistical purposes. 28 U.S.C. § 159.

☐ **Your debts are not primarily consumer debts.** You have nothing to report on this part of the form. Check this box and submit this form to the court with your other schedules.

8. **From the *Statement of Your Current Monthly Income:*** Copy your total current monthly income from Official Form 122A-1 Line 11; **OR**, Form 122B Line 11; **OR**, Form 122C-1 Line 14.

$5,260.00

9. **Copy the following special categories of claims from Part 4, line 6 of Schedule E/F:**

| From Part 4 on Schedule E/F, copy the following: | Total claim |
|---|---|
| 9a. Domestic support obligations (Copy line 6a.) | $0.00 |
| 9b. Taxes and certain other debts you owe the government. (Copy line 6b.) | $0.00 |
| 9c. Claims for death or personal injury while you were intoxicated. (Copy line 6c.) | $0.00 |
| 9d. Student loans. (Copy line 6f.) | $0.00 |
| 9e. Obligations arising out of a separation agreement or divorce that you did not report as priority claims. (Copy line 6g.) | $0.00 |
| 9f. Debts to pension or profit-sharing plans, and other similar debts. (Copy line 6h.) | $0.00 |
| 9g. **Total.** Add lines 9a through 9f. | $0.00 |

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | Lucius | D | McDade |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | Northern | District of Illinois | |
| | | (State) | |
| Case number | | | |
| (If known) | | | |

□ Check if this is an
amended filing

## Official Form 106A/B

# Schedule A/B: Property

12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:** **Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In**

**1. Do you own or have any legal or equitable interest in any residence, building, land, or similar property?**

☑ No. Go to Part 2
□ Yes. Where is the property?

1.1 _____
Street address, if available, or other description

_____

_____

Number      Street

_____
City      State      Zip Code

**What is the property?** Check all that apply.
□ Single-family home
□ Duplex or multi-unit building
□ Condominium or cooperative
□ Manufactured or mobile home
□ Land
□ Investment property
□ Timeshare
□ Other _____

**Who has an interest in the property?** Check one.
□ Debtor 1 only
□ Debtor 2 only
□ Debtor 1 and Debtor 2 only
□ At least one of the debtors and another

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**
_____

**Current value of the portion you own?**
_____

**Describe the nature of your ownership interest** (such as fee simple, tenancy by the entireties, or a life estate), if known.

□ Check if this is community property (see instructions)

**Other information you wish to add about this item, such as local property identification number:** _____

If you own or have more than one, list here:

1.2 _____
Street address, if available, or other description

_____

_____

Number      Street

_____
City      State      Zip Code

**What is the property?** Check all that apply.
□ Single-family home
□ Duplex or multi-unit building
□ Condominium or cooperative
□ Manufactured or mobile home
□ Land
□ Investment property
□ Timeshare
□ Other _____

**Who has an interest in the property?** Check one.
□ Debtor 1 only
□ Debtor 2 only
□ Debtor 1 and Debtor 2 only
□ At least one of the debtors and another

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**
_____

**Current value of the portion you own?**
_____

**Describe the nature of your ownership interest** (such as fee simple, tenancy by the entireties, or a life estate), if known.

□ Check if this is community property (see instructions)

**Other information you wish to add about this item, such as local property identification number:**

| Debtor 1 | Lucius | | D | | McDade | | Case number *(if known)* | |
|---|---|---|---|---|---|---|---|---|
| | First Name | | Middle Name | | Last Name | | | |

**1.3** _____
Street address, if available, or other description

_____

_____
Number        Street

_____
City          State        Zip Code

**What is the property?** Check all that apply.

☐ Single-family home

☐ Duplex or multi-unit building

☐ Condominium or cooperative

☐ Manufactured or mobile home

☐ Land

☐ Investment property

☐ Timeshare

☐ Other _____

**Who has an interest in the property?** Check one.

☐ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

**Other information you wish to add about this item, such as local property identification number:**

_____

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**

**Current value of the portion you own?**

_____      _____

**Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.**

_____

☐ Check if this is community property (see instructions)

**2. Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here.** ▶

........................................................

_____

---

**Part 2:    Describe Your Vehicles**

**Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not?** Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on Schedule G: Executory Contracts and Unexpired Leases.

**3. Cars, vans, trucks, tractors, sport utility vehicles, motorcycles**

☐ No
☑ Yes

| **3.1** | Make | Hyundai | **Who has an interest in the property?** Check one. | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.* |
|---|---|---|---|---|
| | Model: | Santa Fe | | |
| | Year: | 2017 | ☑ Debtor 1 only | |
| | Approximate mileage: | _____ | ☐ Debtor 2 only | **Current value of the entire property?** **Current value of the portion you own?** |
| | Other information: | | ☐ Debtor 1 and Debtor 2 only | $9325.00          $9325.00 |
| | 2017 Hyundai Sonata | | ☐ At least one of the debtors and another | |
| | | | ☐ **Check if this is community property** (see instructions) | |

| **3.2** | Make | _____ | **Who has an interest in the property?** Check one. | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.* |
|---|---|---|---|---|
| | Model: | _____ | | |
| | Year: | _____ | ☐ Debtor 1 only | |
| | Approximate mileage: | _____ | ☐ Debtor 2 only | **Current value of the entire property?** **Current value of the portion you own?** |
| | Other information: | | ☐ Debtor 1 and Debtor 2 only | _____          _____ |
| | | | ☐ At least one of the debtors and another | |
| | | | ☐ **Check if this is community property** (see instructions) | |

| Debtor 1 | Lucius | D | McDade | Case number *(if known)* _____ |
| | First Name | Middle Name | Last Name | |

| | | | |
|---|---|---|---|
| **3.3** | Make _____<br>Model: _____<br>Year: _____<br>Approximate mileage: _____<br><br>Other information:<br>[ ] | **Who has an interest in the property?** Check one.<br>[ ] Debtor 1 only<br>[ ] Debtor 2 only<br>[ ] Debtor 1 and Debtor 2 only<br>[ ] At least one of the debtors and another<br>[ ] **Check if this is community property** (see instructions) | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*<br><br>**Current value of the entire property?** _____   **Current value of the portion you own?** _____ |
| **3.4** | Make _____<br>Model: _____<br>Year: _____<br>Approximate mileage: _____<br><br>Other information:<br>[ ] | **Who has an interest in the property?** Check one.<br>[ ] Debtor 1 only<br>[ ] Debtor 2 only<br>[ ] Debtor 1 and Debtor 2 only<br>[ ] At least one of the debtors and another<br>[ ] **Check if this is community property** (see instructions) | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*<br><br>**Current value of the entire property?** _____   **Current value of the portion you own?** _____ |

**4** **Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories**
Examples: Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

[x] No
[ ] Yes

| | | | |
|---|---|---|---|
| **4.1** | Make _____<br>Model: _____<br>Year: _____<br>Approximate mileage: _____<br><br>Other information:<br>[ ] | **Who has an interest in the property?** Check one.<br>[ ] Debtor 1 only<br>[ ] Debtor 2 only<br>[ ] Debtor 1 and Debtor 2 only<br>[ ] At least one of the debtors and another<br>[ ] **Check if this is community property** (see instructions) | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*<br><br>**Current value of the entire property?** _____   **Current value of the portion you own?** _____ |
| **4.2** | Make _____<br>Model: _____<br>Year: _____<br>Approximate mileage: _____<br><br>Other information:<br>[ ] | **Who has an interest in the property?** Check one.<br>[ ] Debtor 1 only<br>[ ] Debtor 2 only<br>[ ] Debtor 1 and Debtor 2 only<br>[ ] At least one of the debtors and another<br>[ ] **Check if this is community property** (see instructions) | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*<br><br>**Current value of the entire property?** _____   **Current value of the portion you own?** _____ |

**5. Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for pages you have attached for Part 2. Write that number here** ................................................................   | $9325.00 _____ |
▶

| Debtor 1 | Lucius | D | McDade | Case number *(if known)* | |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

| Part 3: | Describe Your Personal and Household Items |
|---|---|

**Do you own or have any legal or equitable interest in any of the following items?**

**Current value of the portion you own?**
Do not deduct secured claims or exemptions.

**6. Household goods and furnishings**
Examples: Major appliances, furniture, linens, china, kitchenware

☐ No
☑ Yes. Describe... | Used furniture, one bedroom apartment | $250.00

**7. Electronics**
Examples: Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music

☐ No
☑ Yes. Describe... | Three used TVs, two tablets, one cell phone and smart watch | $525.00

**8. Collectibles of value**
Examples: Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections; other collections, memorabilia, collectibles

☑ No
☐ Yes. Describe...

**9. Equipment for sports and hobbies**
Examples: Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools; musical instruments

☑ No
☐ Yes. Describe...

**10. Firearms**
Examples: Pistols, rifles, shotguns, ammunition, and related equipment

☑ No
☐ Yes. Describe...

**11. Clothes**
Examples: Everyday clothes, furs, leather coats, designer wear, shoes, accessories

☐ No
☑ Yes. Describe... | Used clothing | $100.00

**12. Jewelry**
Examples: Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver

☐ No
☑ Yes. Describe... | Used costume jewelry | $50.00

**13. Non-farm animals**
Examples: Dogs, cats, birds, horses

☑ No
☐ Yes. Describe...

**14. Any other personal and household items you did not already list, including any health aids you did not list**

☑ No
☐ Yes. Describe...

**15. Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached for Part 3. Write that number here** ............................................................................................
▶ | $925.00

| Debtor 1 | Lucius | D | McDade | Case number *(if known)* |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

| **Part 4:** | **Describe Your Financial Assets** |
|---|---|

| **Do you own or have any legal or equitable interest in any of the following?** | **Current value of the portion you own?** Do not deduct secured claims or exemptions. |
|---|---|

**16. Cash**
Examples: Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition

☑ No

☐ Yes ............................................................................................     Cash: ...............................     _____

**17. Deposits of money**
Examples: Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar institutions. If you have multiple accounts with the same institution, list each.

☐ No

☑ Yes                                                Institution name:

| | | |
|---|---|---|
| 17.1. Checking account: | Access Credit Union | $200.00 |
| 17.2. Checking account: | _____ | _____ |
| 17.3. Savings account: | _____ | _____ |
| 17.4. Savings account: | _____ | _____ |
| 17.5. Certificates of deposit: | _____ | _____ |
| 17.6. Other financial account: | _____ | _____ |
| 17.7. Other financial account: | _____ | _____ |
| 17.8. Other financial account: | _____ | _____ |
| 17.9. Other financial account: | _____ | _____ |

**18. Bonds, mutual funds, or publicly traded stocks**
Examples: Bond funds, investment accounts with brokerage firms, money market accounts

☑ No

☐ Yes                    Institution or issuer name:

_____

_____

**19. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture**

☑ No

☐ Yes. Give specific information about them

| Name of entity | % of ownership: | |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

| Debtor 1 | Lucius | D | McDade | | Case number *(if known)* | |
| | First Name | Middle Name | Last Name | | | |

**20. Government and corporate bonds and other negotiable and non-negotiable instruments**
Negotiable instruments include personal checks, cashiers' checks, promissory notes, and money orders.
Non-negotiable instruments are those you cannot transfer to someone by signing or delivering them.

☑ No
☐ Yes. Give specific information about them.....

Issuer name:

**21. Retirement or pension accounts**
Examples: Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans

☑ No
☐ Yes. List each account separately.

| Type of account: | Institution name: |
| 401(k) or similar plan: | |
| Pension plan: | |
| IRA: | |
| Retirement account: | |
| Keogh: | |
| Additional account: | |
| Additional account: | |

**22. Security deposits and prepayments**
Your share of all unused deposits you have made so that you may continue service or use from a company
Examples: Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications companies, or others

☑ No
☐ Yes....

| | Institution name: |
| Electric: | |
| Gas: | |
| Heating oil: | |
| Security deposit on rental unit: | |
| Prepaid rent: | |
| Telephone: | |
| Water: | |
| Rented furniture: | |
| Other: | |

**23. Annuities** (A contract for a periodic payment of money to you, either for life or for a number of years)

☑ No
☐ Yes....

Issuer name and description:

| Debtor 1 | Lucius | | D | | McDade | | Case number *(if known)* | |
| | First Name | | Middle Name | | Last Name | | | |

---

**24.** **Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).

☑ No

☐ Yes....      Institution name and description. Separately file the records of any interests.11 U.S.C. § 521(c):

_____    _____

_____    _____

_____

**25.** **Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**

☑ No

☐ Yes. Describe...  _____

**26.** **Patents, copyrights, trademarks, trade secrets, and other intellectual property**
*Examples:* Internet domain names, websites, proceeds from royalties and licensing agreements

☑ No

☐ Yes. Describe...  _____

**27.** **Licenses, franchises, and other general intangibles**
*Examples:* Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses

☑ No

☐ Yes. Describe...  _____

| **Money or property owed to you?** | **Current value of the portion you own?** Do not deduct secured claims or exemptions. |

**28.** **Tax refunds owed to you**

☑ No

☐ Yes. Give specific information about them, including whether you already filed the returns and the tax years..............

| | |
|---|---|
| Federal: | $0.00 |
| State: | $0.00 |
| Local: | $0.00 |

**29.** **Family support**
*Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement

☑ No

☐ Yes. Give specific information......

| | |
|---|---|
| Alimony: | $0.00 |
| Maintenance: | $0.00 |
| Support: | $0.00 |
| Divorce settlement: | $0.00 |
| Property settlement: | $0.00 |

**30.** **Other amounts someone owes you**
*Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay, workers' compensation, Social Security benefits; unpaid loans you made to someone else

☑ No

☐ Yes. Describe...  _____

| Debtor 1 | Lucius | D | McDade | Case number *(if known)* | |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

---

**31. Interests in insurance policies**
*Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance

- [x] No
- [ ] Yes. Name the insurance company of each policy and list its value.....

| Company name: | Beneficiary: | Surrender or refund value: |
|---|---|---|
| | | |
| | | |
| | | |

**32. Any interest in property that is due you from someone who has died**
If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because someone has died.

- [x] No
- [ ] Yes. Describe...

**33. Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**
*Examples:* Accidents, employment disputes, insurance claims, or rights to sue

- [x] No
- [ ] Yes. Describe...

**34. Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**

- [x] No
- [ ] Yes. Describe...

**35. Any financial assets you did not already list**

- [x] No
- [ ] Yes. Describe...

**36. Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached for Part 4. Write that number here** ....................................................................►

| $200.00 |
|---|

---

**Part 5:    Describe Any Business-Related Property You Own or Have an Interest In. List any real estate in Part 1.**

**37. Do you own or have any legal or equitable interest in any business-related property?**

- [x] No. Go to Part 6.
- [ ] Yes. Go to line 38.

> **Current value of the portion you own?**
> Do not deduct secured claims or exemptions

**38. Accounts receivable or commissions you already earned**

- [x] No
- [ ] Yes. Describe...

**39. Office equipment, furnishings, and supplies**
Examples: Business-related computers, software, modems, printers, copiers, fax machines, rugs, telephones, desks, chairs, electronic devices

- [x] No
- [ ] Yes. Describe...

---

Official Form 106A/B     **Schedule A/B: Property**     page 8

| Debtor 1 | Lucius | | D | | McDade | | Case number (if known) | |
|---|---|---|---|---|---|---|---|---|
| | First Name | | Middle Name | | Last Name | | | |

40. **Machinery, fixtures, equipment, supplies you use in business, and tools of your trade**

☑ No
☐ Yes. Describe...

41. **Inventory**

☑ No
☐ Yes. Describe...

42. **Interests in partnerships or joint ventures**

☑ No
☐ Yes. Give specific information about them

Name of entity:      % of ownership:

43. **Customer lists, mailing lists, or other compilations**

☑ No
☐ Yes. Do your lists include personally identifiable information (as defined in 11 U.S.C. § 101(41A))?

    ☐ No
    ☐ Yes. Describe........

44. **Any business-related property you did not already list**

☑ No
☐ Yes. Give specific information .......

45. Add the dollar value of all of your entries from Part 5, including any entries for pages you have attached for Part 5. Write that number here .................................................................................................

▶

| Part 6: | **Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In.** |
|---|---|
| | If you own or have an interest in farmland, list it in Part 1. |

46. Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?

☑ No. Go to Part 7.
☐ Yes. Go to line 47.

*Current value of the portion you own?*
Do not deduct secured claims or exemptions

47. **Farm animals**
*Examples:* Livestock, poultry, farm-raised fish

☑ No
☐ Yes. Describe...

| Debtor 1 | Lucius | D | McDade | Case number *(if known)* | |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

**48.  Crops-either growing or harvested**

☑ No
☐ Yes. Describe...

**49.  Farm and fishing equipment, implements, machinery, fixtures, and tools of trade**

☑ No
☐ Yes. Describe...

**50.  Farm and fishing supplies, chemicals, and feed**

☑ No
☐ Yes. Describe...

**51.  Any farm- and commercial fishing-related property you did not already list**

☑ No
☐ Yes. Describe...

**52.  Add the dollar value of all of your entries from Part 6, including any entries for pages you have attached for Part 6. Write that number here** ................................................................................................................... ▶

---

| Part 7: | **Describe All Property You Own or Have an Interest in That You Did Not List Above** |
|---|---|

**53.  Do you have other property of any kind you did not already list?**
*Examples:* Season tickets, country club membership

☑ No
☐ Yes. Give specific information

**54.  Add the dollar value of all of your entries from Part 7. Write that number here** ....................................................... ▶

---

| Part 8: | **List the Totals of Each Part of this Form** |
|---|---|

**55.  Part 1: Total real estate, line 2** ......................................................................................................................... ▶

**56.  part 2 total vehicles, line 5**                  $9325.00

**57. Part 3: Total personal and household items, line 15**        $925.00

**58. Part 4: Total financial assets, line 36**              $200.00

**59.  Part 5: Total business-related property, line 45**

**60.  Part 6: Total farm- and fishing-related property, line 52**

**61.  Part 7: Total other property not listed, line 54**

**62.  Total personal property. Add lines 56 through 61.** ...................   $10450.00      Copy personal property total ▶   + $10450.00

**63. Total of all property on Schedule A/B.** Add line 55 + line 62 ...............................................................................   $10450.00

---

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | Lucius | D | McDade |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | Northern | District of | Illinois |
| | | | (State) |
| Case number | | | |
| (If known) | | | |

☐ Check if this is an amended filing

# Official Form 106C

## Schedule C: The Property You Claim as Exempt

04/22

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Using the property you listed on *Schedule A/B: Property* (Official Form 106A/B) as your source, list the property that you claim as exempt. If more space is needed, fill out and attach to this page as many copies of *Part 2: Additional Page* as necessary. On the top of any additional pages, write your name and case number (if known).

**For each item of property you claim as exempt, you must specify the amount of the exemption you claim. One way of doing so is to state a specific dollar amount as exempt. Alternatively, you may claim the full fair market value of the property being exempted up to the amount of any applicable statutory limit. Some exemptions—such as those for health aids, rights to receive certain benefits, and tax-exempt retirement funds—may be unlimited in dollar amount. However, if you claim an exemption of 100% of fair market value under a law that limits the exemption to a particular dollar amount and the value of the property is determined to exceed that amount, your exemption would be limited to the applicable statutory amount.**

| Part 1: | Identify the Property You Claim as Exempt |
|---|---|

1. **Which set of exemptions are you claiming?** *Check one only, even if your spouse is filing with you.*

   ☒ You are claiming state and federal nonbankruptcy exemptions. 11 U.S.C. § 522(b)(3)

   ☐ You are claiming federal exemptions. 11 U.S.C. § 522(b)(2)

2. **For any property you list on Schedule A/B that you claim as exempt, fill in the information below.**

| Brief description of the property and line on Schedule A/B that lists this property | Current value of the portion you own  Copy the value from *Schedule A/B* | Amount of the exemption you claim  *Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| Brief description: **Hyundai Santa Fe, 2017, 2017 Hyundai Sonata**  Line from *Schedule A/B:* ___03___ | $9,325.00 | ☒ _____$0_____  ☐ 100% of fair market value, up to any applicable statutory limit | 735 ILCS 5/12-1001(c); 735 ILCS 5/12-1001(b) |
| Brief description: **Checking account, Access Credit Union**  Line from *Schedule A/B:* ___17___ | $200.00 | ☒ _____$200.00_____  ☐ 100% of fair market value, up to any applicable statutory limit | 735 ILCS 5/12-1001(b) |

3. **Are you claiming a homestead exemption of more than $189,050?**
   *(Subject to adjustment on 4/01/25 and every 3 years after that for cases filed on or after the date of adjustment.)*

   ☒ No

   ☐ Yes. Did you acquire the property covered by the exemption within 1,215 days before you filed this case?

      ☐ No

      ☐ Yes

| Debtor 1 | Lucius | D | McDade | Case number *(if known)* | |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

**Part 2:**  **Additional Page**

| Brief description of the property and line on Schedule A/B that lists this property | Current value of the portion you own<br><br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br><br>*Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| Brief description:<br>**Used furniture, one bedroom apartment**<br>Line from *Schedule A/B:*   06 | $250.00 | ☑ $250.00<br>☐ 100% of fair market value, up to any applicable statutory limit | 735 ILCS 5/12-1001(b) |
| Brief description:<br>**Used clothing**<br>Line from *Schedule A/B:*   11 | $100.00 | ☑ $100.00<br>☐ 100% of fair market value, up to any applicable statutory limit | 735 ILCS 5/12-1001(a) |
| Brief description:<br>**Used costume jewelry**<br>Line from *Schedule A/B:*   12 | $50.00 | ☑ $50.00<br>☐ 100% of fair market value, up to any applicable statutory limit | 735 ILCS 5/12-1001(b) |
| Brief description:<br>**Three used TVs, two tablets, one cell phone and smart watch**<br>Line from *Schedule A/B:*   07 | $525.00 | ☑ $525.00<br>☐ 100% of fair market value, up to any applicable statutory limit | 735 ILCS 5/12-1001(b) |

Fill in this information to identify your case:

| | | | |
|---|---|---|---|
| Debtor 1 | Lucius | D | McDade |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | Northern | District of Illinois | |
| | | (State) | |
| Case number | | | |
| (If known) | | | |

☐ Check if this is an amended filing

## Official Form 106D

# Schedule D: Creditors Who Have Claims Secured by Property

12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, number the entries, and attach it to this form. On the top of any additional pages, write your name and case number (if known).

1. **Do any creditors have claims secured by your property?**
   ☐ No. Check this box and submit this form to the court with your other schedules. You have nothing else to report on this form.
   ☑ Yes. Fill in all of the information below.

**Part 1:** **List All Secured Claims**

2. **List all secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim. If more than one creditor has a particular claim, list the other creditors in Part 2. As much as possible, list the claims in alphabetical order according to the creditor's name.

| | | Column A<br>Amount of claim<br>Do not deduct the value of collateral. | Column B<br>Value of collateral that supports this claim | Column C<br>Unsecured portion<br>If any |
|---|---|---|---|---|
| **2.1** GLOBAL LENDING SERVICE<br>Creditor's Name<br>**1200 BROOKFIELD BLVD STE**<br>Number　Street<br><br>**GREENVILLE　SC　29607**<br>City　State　ZIP Code | Describe the property that secures the claim:<br>2017 Hyundai Santa Fe<br>**As of the date you file, the claim is:** Check all that apply.<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | $24,172.00 | $9,325.00 | $14,847.00 |
| **Who owes the debt?** Check one.<br>☑ Debtor 1 only<br>☐ Debtor 2 only<br>☐ Debtor 1 and Debtor 2 only<br>☐ At least one of the debtors and another<br>☐ Check if this claim relates to a community debt<br>Date debt was incurred　3/2022 | **Nature of lien.** Check all that apply.<br>☐ An agreement you made (such as mortgage or secured car loan)<br>☐ Statutory lien (such as tax lien, mechanic's lien)<br>☐ Judgment lien from a lawsuit<br>☐ Other (including a right to offset)　_____<br>Last 4 digits of account number　7607 | | | |

| Add the dollar value of your entries in Column A on this page. Write that number here: | $24,172.00 | |
|---|---|---|

Fill in this information to identify your case:

| | | | |
|---|---|---|---|
| Debtor 1 | Lucius | D | McDade |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | Northern | District of Illinois | |
| | | (State) | |
| Case number | | | |
| (If known) | | | |

## Official Form 106E/F

☐ Check if this is an amended filing

# Schedule E/F: Creditors Who Have Unsecured Claims

**12/15**

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY claims and Part 2 for creditors with NONPRIORITY claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Property* (Official Form 106A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 106G). Do not include any creditors with partially secured claims that are listed in *Schedule D: Creditors Who Hold Claims Secured by Property.* If more space is needed, copy the Part you need, fill it out, number the entries in the boxes on the left. Attach the Continuation Page to this page. On the top of any additional pages, write your name and case number (if known).

### Part 1: List All of Your PRIORITY Unsecured Claims

1. **Do any creditors have priority unsecured claims against you?**
   ☐ No. Go to Part 2.
   ☑ Yes.

2. **List all of your priority unsecured claims.** If a creditor has more than one priority unsecured claim, list the creditor separately for each claim. For each claim listed, identify what type of claim it is. If a claim has both priority and nonpriority amounts, list that claim here and show both priority and nonpriority amounts. As much as possible, list the claims in alphabetical order according to the creditor's name. If you have more than two priority unsecured claims, fill out the Continuation Page of Part 1. If more than one creditor holds a particular claim, list the other creditors in Part 3.

   (For an explanation of each type of claim, see the instructions for this form in the instruction booklet.)

| | | Total claim | Priority amount | Nonpriority amount |
|---|---|---|---|---|
| **2.1** | Internal Revenue Service<br>Priority Creditor's Name<br>PO Box 7346<br>Number          Street | $1,500.00 | $1,500.00 | $0.00 |

**Last 4 digits of account number** _____

**When was the debt incurred?** _____ n/a

Philadelphia          Pennsylvania          19101
City                  State                 Zip Code

**As of the date you file, the claim is:** Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Who incurred the debt?** Check one.
☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this claim relates to a community debt**

**Is the claim subject to offset?**
☑ No
☐ Yes

**Type of PRIORITY unsecured claim:**
☐ Domestic support obligations
☐ Taxes and certain other debts you owe the government
☐ Claims for death or personal injury while you were intoxicated
☑ Other. Specify          2019 Taxes

| Debtor 1 | Lucius | D | McDade | Case number (if known) |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

## Part 2: List All of Your NONPRIORITY Unsecured Claims

**3.** **Do any creditors have nonpriority unsecured claims against you?**

☐ No. You have nothing to report in this part. Submit this form to the court with your other schedules.

☑ Yes.

**4.** **List all of your nonpriority unsecured claims in the alphabetical order of the creditor who holds each claim.** If a creditor has more than one priority unsecured claim, list the creditor separately for each claim. For each claim listed, identify what type of claim it is. Do not list claims already included in Part 1. If more than one creditor holds a particular claim, list the other creditors in Part 3.If you have more than four priority unsecured claims fill out the Continuation Page of Part 2.

| | | **Total claim** |
|---|---|---|

### 4.1 At&T

Nonpriority Creditor's Name
P.O. Box 6416
Number          Street

Carol Stream          Illinois          60197
City                    State              Zip Code

**Who incurred the debt?** Check one.

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim relates to a community debt**

**Is the claim subject to offset?**
☑ No
☐ Yes

**Last 4 digits of account number** _____   **$100.00**

**When was the debt incurred?**          n/a

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☑ Other. Specify _____ Other _____

### 4.2 City Of Berwyn

Nonpriority Creditor's Name
P.O. Box 1368
Number          Street

Elmhurst          Illinois          60126
City                State              Zip Code

**Who incurred the debt?** Check one.

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim relates to a community debt**

**Is the claim subject to offset?**
☑ No
☐ Yes

**Last 4 digits of account number** _____   **$500.00**

**When was the debt incurred?**          n/a

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☑ Other. Specify _____ Other _____

### 4.3 City Of Chicago - Parking And Red Light

Nonpriority Creditor's Name
Department Of Revenue - P.O. Box 88292
Number          Street

Chicago          Illinois          60680
City                State              Zip Code

**Who incurred the debt?** Check one.

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim relates to a community debt**

**Is the claim subject to offset?**
☑ No

**Last 4 digits of account number** _____   **$1,000.00**

**When was the debt incurred?**          n/a

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☑ Other. Specify _____ Other _____

| Debtor 1 | Lucius | D | McDade | Case number *(if known)* |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

| **Part 2:** | **Your NONPRIORITY Unsecured Claims - Continuation Page** |
|---|---|

| After listing any entries on this page, number them beginning with 4.5, followed by 4.6, and so forth. | **Total claim** |
|---|---|

**4.4** Credence — $75.00

Nonpriority Creditor's Name
17000 Dallas Parkway Suite 204
Number        Street

Dallas        Texas        75248
City        State        Zip Code

**Who incurred the debt?** Check one.
- [x] Debtor 1 only
- [ ] Debtor 2 only
- [ ] Debtor 1 and Debtor 2 only
- [ ] At least one of the debtors and another
- [ ] Check if this claim relates to a community debt

**Is the claim subject to offset?**
- [x] No
- [ ] Yes

Last 4 digits of account number _____
When was the debt incurred?        n/a

**As of the date you file, the claim is:** Check all that apply.
- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed

**Type of NONPRIORITY unsecured claim:**
- [ ] Student loans
- [ ] Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- [ ] Debts to pension or profit-sharing plans, and other similar debts
- [x] Other. Specify        Other

---

**4.5** Enhanced Recovery Co L — $865.00

Nonpriority Creditor's Name
8014 BAYBERRY RD
Number        Street

JACKSONVILLE        Florida        32256
City        State        Zip Code

**Who incurred the debt?** Check one.
- [x] Debtor 1 only
- [ ] Debtor 2 only
- [ ] Debtor 1 and Debtor 2 only
- [ ] At least one of the debtors and another
- [ ] Check if this claim relates to a community debt

**Is the claim subject to offset?**
- [x] No
- [ ] Yes

Last 4 digits of account number        1***
When was the debt incurred?        7/2023

**As of the date you file, the claim is:** Check all that apply.
- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed

**Type of NONPRIORITY unsecured claim:**
- [ ] Student loans
- [ ] Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- [ ] Debts to pension or profit-sharing plans, and other similar debts
- [x] Other. Specify   001 Collection; Collecting for ORIGINAL CREDITOR: TMOBILE

---

**4.6** First Premier Bank — $472.00

Nonpriority Creditor's Name
601 S Minnesota Ave
Number        Street

Sioux Falls        South Dakota        57104
City        State        Zip Code

**Who incurred the debt?** Check one.
- [x] Debtor 1 only
- [ ] Debtor 2 only
- [ ] Debtor 1 and Debtor 2 only
- [ ] At least one of the debtors and another
- [ ] Check if this claim relates to a community debt

**Is the claim subject to offset?**
- [x] No
- [ ] Yes

Last 4 digits of account number        ****
When was the debt incurred?        5/2020

**As of the date you file, the claim is:** Check all that apply.
- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed

**Type of NONPRIORITY unsecured claim:**
- [ ] Student loans
- [ ] Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- [ ] Debts to pension or profit-sharing plans, and other similar debts
- [x] Other. Specify        CreditCard

---

| Debtor 1 | Lucius | D | McDade | Case number *(if known)* |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

## Part 2:  Your NONPRIORITY Unsecured Claims - Continuation Page

| After listing any entries on this page, number them beginning with 4.5, followed by 4.6, and so forth. | Total claim |
|---|---|

**4.7** IL Tollway

Nonpriority Creditor's Name

PO Box 5544

Number          Street

Chicago          Illinois          60608

City          State          Zip Code

**Who incurred the debt?** Check one.

- [x] Debtor 1 only
- [ ] Debtor 2 only
- [ ] Debtor 1 and Debtor 2 only
- [ ] At least one of the debtors and another
- [ ] Check if this claim relates to a community debt

**Is the claim subject to offset?**

- [x] No
- [ ] Yes

Last 4 digits of account number _____

When was the debt incurred?          n/a

**As of the date you file, the claim is:** Check all that apply.

- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed

**Type of NONPRIORITY unsecured claim:**

- [ ] Student loans
- [ ] Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- [ ] Debts to pension or profit-sharing plans, and other similar debts
- [x] Other. Specify _____ Other

$59.00

---

**4.8** Jefferson Capital System

Nonpriority Creditor's Name

16 Mcleland Rd

Number          Street

Saint Cloud          Minnesota          56303

City          State          Zip Code

**Who incurred the debt?** Check one.

- [x] Debtor 1 only
- [ ] Debtor 2 only
- [ ] Debtor 1 and Debtor 2 only
- [ ] At least one of the debtors and another
- [ ] Check if this claim relates to a community debt

**Is the claim subject to offset?**

- [x] No
- [ ] Yes

Last 4 digits of account number _____

When was the debt incurred?          n/a

**As of the date you file, the claim is:** Check all that apply.

- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed

**Type of NONPRIORITY unsecured claim:**

- [ ] Student loans
- [ ] Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- [ ] Debts to pension or profit-sharing plans, and other similar debts
- [x] Other. Specify _____ Other

$426.00

---

**4.9** Lakeshore Imaging Medical Associates

Nonpriority Creditor's Name

P.O. Box 208828

Number          Street

Dallas          Texas          75320

City          State          Zip Code

**Who incurred the debt?** Check one.

- [x] Debtor 1 only
- [ ] Debtor 2 only
- [ ] Debtor 1 and Debtor 2 only
- [ ] At least one of the debtors and another
- [ ] Check if this claim relates to a community debt

**Is the claim subject to offset?**

- [x] No
- [ ] Yes

Last 4 digits of account number _____

When was the debt incurred?          n/a

**As of the date you file, the claim is:** Check all that apply.

- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed

**Type of NONPRIORITY unsecured claim:**

- [ ] Student loans
- [ ] Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- [ ] Debts to pension or profit-sharing plans, and other similar debts
- [x] Other. Specify _____ Other

$44.00

| Debtor 1 | Lucius | D | McDade | Case number *(if known)* |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

| **Part 2:** | **Your NONPRIORITY Unsecured Claims - Continuation Page** | |
|---|---|---|

| After listing any entries on this page, number them beginning with 4.5, followed by 4.6, and so forth. | **Total claim** |
|---|---|

**4.10** Medical Payment Data
Nonpriority Creditor's Name
1374 S BABCOCK ST
Number          Street

MELBOURNE          Florida          32901
City                    State              Zip Code

**Who incurred the debt?** Check one.
- [x] Debtor 1 only
- [ ] Debtor 2 only
- [ ] Debtor 1 and Debtor 2 only
- [ ] At least one of the debtors and another
- [ ] **Check if this claim relates to a community debt**

**Is the claim subject to offset?**
- [x] No
- [ ] Yes

Last 4 digits of account number          ****

When was the debt incurred?          7/2023

**As of the date you file, the claim is:** Check all that apply.
- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed

**Type of NONPRIORITY unsecured claim:**
- [ ] Student loans
- [ ] Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- [ ] Debts to pension or profit-sharing plans, and other similar debts
- [x] Other. Specify          001 Collection; Collecting for ORIGINAL CREDITOR: MEDICAL PAYMENT DATA

$1,978.00

**4.11** Municipal Collection Services, Inc.
Nonpriority Creditor's Name
Po Box 1280
Number          Street

Oaks                    Pennsylvania          19456
City                    State                      Zip Code

**Who incurred the debt?** Check one.
- [x] Debtor 1 only
- [ ] Debtor 2 only
- [ ] Debtor 1 and Debtor 2 only
- [ ] At least one of the debtors and another
- [ ] **Check if this claim relates to a community debt**

**Is the claim subject to offset?**
- [x] No
- [ ] Yes

Last 4 digits of account number          _____

When was the debt incurred?          n/a

**As of the date you file, the claim is:** Check all that apply.
- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed

**Type of NONPRIORITY unsecured claim:**
- [ ] Student loans
- [ ] Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- [ ] Debts to pension or profit-sharing plans, and other similar debts
- [x] Other. Specify          Other

$104.00

**4.12** Rush Hospital
Nonpriority Creditor's Name
PO Box 1259 Dept 160569
Number          Street

Oaks                    Pennsylvania          19456
City                    State                      Zip Code

**Who incurred the debt?** Check one.
- [x] Debtor 1 only
- [ ] Debtor 2 only
- [ ] Debtor 1 and Debtor 2 only
- [ ] At least one of the debtors and another
- [ ] **Check if this claim relates to a community debt**

**Is the claim subject to offset?**
- [x] No
- [ ] Yes

Last 4 digits of account number          _____

When was the debt incurred?          n/a

**As of the date you file, the claim is:** Check all that apply.
- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed

**Type of NONPRIORITY unsecured claim:**
- [ ] Student loans
- [ ] Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- [ ] Debts to pension or profit-sharing plans, and other similar debts
- [x] Other. Specify          Other

$1,000.00

| Debtor 1 | Lucius | D | McDade | Case number *(if known)* |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

| **Part 2:** | **Your NONPRIORITY Unsecured Claims - Continuation Page** |
|---|---|

| After listing any entries on this page, number them beginning with 4.5, followed by 4.6, and so forth. | **Total claim** |
|---|---|

**4.13** SELF FINANCIAL/LEAD BA
Nonpriority Creditor's Name
1801 MAIN ST
Number        Street

KANSAS CITY        Missouri        64108
City        State        Zip Code

**Who incurred the debt? Check one.**
- [x] Debtor 1 only
- [ ] Debtor 2 only
- [ ] Debtor 1 and Debtor 2 only
- [ ] At least one of the debtors and another
- [ ] Check if this claim relates to a community debt

**Is the claim subject to offset?**
- [x] No
- [ ] Yes

Last 4 digits of account number        1742
When was the debt incurred?        8/2021

**As of the date you file, the claim is:** Check all that apply.
- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed

**Type of NONPRIORITY unsecured claim:**
- [ ] Student loans
- [ ] Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- [ ] Debts to pension or profit-sharing plans, and other similar debts
- [x] Other. Specify        CreditCard

**$159.00**

---

**4.14** SHPS
Nonpriority Creditor's Name
PO Box 1259 Dept 165956
Number        Street

Oaks        Pennsylvania        19456
City        State        Zip Code

**Who incurred the debt? Check one.**
- [x] Debtor 1 only
- [ ] Debtor 2 only
- [ ] Debtor 1 and Debtor 2 only
- [ ] At least one of the debtors and another
- [ ] Check if this claim relates to a community debt

**Is the claim subject to offset?**
- [x] No
- [ ] Yes

Last 4 digits of account number
When was the debt incurred?        n/a

**As of the date you file, the claim is:** Check all that apply.
- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed

**Type of NONPRIORITY unsecured claim:**
- [ ] Student loans
- [ ] Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- [ ] Debts to pension or profit-sharing plans, and other similar debts
- [x] Other. Specify        Other

**$358.00**

---

**4.15** Stellar Pain And Spine Specialists
Nonpriority Creditor's Name
P.O. Box 631
Number        Street

Lake Forest        Illinois        60045-0631
City        State        Zip Code

**Who incurred the debt? Check one.**
- [x] Debtor 1 only
- [ ] Debtor 2 only
- [ ] Debtor 1 and Debtor 2 only
- [ ] At least one of the debtors and another
- [ ] Check if this claim relates to a community debt

**Is the claim subject to offset?**
- [x] No
- [ ] Yes

Last 4 digits of account number
When was the debt incurred?        n/a

**As of the date you file, the claim is:** Check all that apply.
- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed

**Type of NONPRIORITY unsecured claim:**
- [ ] Student loans
- [ ] Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- [ ] Debts to pension or profit-sharing plans, and other similar debts
- [x] Other. Specify        Other

**$246.00**

| Debtor 1 | Lucius | D | McDade | Case number *(if known)* |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

| Part 2: | Your NONPRIORITY Unsecured Claims - Continuation Page |
|---|---|

| After listing any entries on this page, number them beginning with 4.5, followed by 4.6, and so forth. | Total claim |
|---|---|

**4.16**

T Mobile Bankruptcy Team
Nonpriority Creditor's Name
P.O. Box 53410
Number          Street

Bellevue          Washington          98015
City                State               Zip Code

**Who incurred the debt?** Check one.
- [x] Debtor 1 only
- [ ] Debtor 2 only
- [ ] Debtor 1 and Debtor 2 only
- [ ] At least one of the debtors and another
- [ ] **Check if this claim relates to a community debt**

**Is the claim subject to offset?**
- [x] No
- [ ] Yes

Last 4 digits of account number _____
When was the debt incurred?          n/a

**As of the date you file, the claim is:** Check all that apply.
- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed

**Type of NONPRIORITY unsecured claim:**
- [ ] Student loans
- [ ] Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- [ ] Debts to pension or profit-sharing plans, and other similar debts
- [x] Other. Specify _____ Other

**Total claim: $865.29**

---

**4.17**

Village Of Elmwood Park
Nonpriority Creditor's Name
7 W Conti Pkwy
Number          Street

Elmwood Park          Illinois          60707
City                State               Zip Code

**Who incurred the debt?** Check one.
- [x] Debtor 1 only
- [ ] Debtor 2 only
- [ ] Debtor 1 and Debtor 2 only
- [ ] At least one of the debtors and another
- [ ] **Check if this claim relates to a community debt**

**Is the claim subject to offset?**
- [x] No
- [ ] Yes

Last 4 digits of account number _____
When was the debt incurred?          n/a

**As of the date you file, the claim is:** Check all that apply.
- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed

**Type of NONPRIORITY unsecured claim:**
- [ ] Student loans
- [ ] Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- [ ] Debts to pension or profit-sharing plans, and other similar debts
- [x] Other. Specify _____ Other

**Total claim: $100.00**

---

**4.18**

Village Of Forest Park
Nonpriority Creditor's Name
517 Desplaines Ave
Number          Street

Forest Park          Illinois          60130
City                State               Zip Code

**Who incurred the debt?** Check one.
- [x] Debtor 1 only
- [ ] Debtor 2 only
- [ ] Debtor 1 and Debtor 2 only
- [ ] At least one of the debtors and another
- [ ] **Check if this claim relates to a community debt**

**Is the claim subject to offset?**
- [x] No
- [ ] Yes

Last 4 digits of account number _____
When was the debt incurred?          n/a

**As of the date you file, the claim is:** Check all that apply.
- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed

**Type of NONPRIORITY unsecured claim:**
- [ ] Student loans
- [ ] Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- [ ] Debts to pension or profit-sharing plans, and other similar debts
- [x] Other. Specify _____ Other

**Total claim: $600.00**

---

| Debtor 1 | Lucius | D | McDade | Case number (if known) |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

| **Part 2:** | **Your NONPRIORITY Unsecured Claims - Continuation Page** |
|---|---|

| After listing any entries on this page, number them beginning with 4.5, followed by 4.6, and so forth. | Total claim |
|---|---|

**4.19**

Village Of Hillside
Nonpriority Creditor's Name
Violation P.O. Box 7724 Carol Stream , IL 60197
Number          Street

Carol Stream          Illinois          60197
City          State          Zip Code

**Who incurred the debt?** Check one.
- [x] Debtor 1 only
- [ ] Debtor 2 only
- [ ] Debtor 1 and Debtor 2 only
- [ ] At least one of the debtors and another
- [ ] **Check if this claim relates to a community debt**

**Is the claim subject to offset?**
- [x] No
- [ ] Yes

Last 4 digits of account number _____

When was the debt incurred?          n/a

**As of the date you file, the claim is:** Check all that apply.
- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed

**Type of NONPRIORITY unsecured claim:**
- [ ] Student loans
- [ ] Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- [ ] Debts to pension or profit-sharing plans, and other similar debts
- [x] Other. Specify _____ Other

$400.00

---

**4.20**

Village Of Oak Park
Nonpriority Creditor's Name
P.O. Box 1368
Number          Street

Elmhurst          Illinois          60126
City          State          Zip Code

**Who incurred the debt?** Check one.
- [x] Debtor 1 only
- [ ] Debtor 2 only
- [ ] Debtor 1 and Debtor 2 only
- [ ] At least one of the debtors and another
- [ ] **Check if this claim relates to a community debt**

**Is the claim subject to offset?**
- [x] No
- [ ] Yes

Last 4 digits of account number _____

When was the debt incurred?          n/a

**As of the date you file, the claim is:** Check all that apply.
- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed

**Type of NONPRIORITY unsecured claim:**
- [ ] Student loans
- [ ] Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- [ ] Debts to pension or profit-sharing plans, and other similar debts
- [x] Other. Specify _____ Other

$50.00

---

**4.21**

WESTLAKE FINANCIAL SVC
Nonpriority Creditor's Name
4751 WILSHIRE BLVD STE 1
Number          Street

LOS ANGELES          California          90010
City          State          Zip Code

**Who incurred the debt?** Check one.
- [x] Debtor 1 only
- [ ] Debtor 2 only
- [ ] Debtor 1 and Debtor 2 only
- [ ] At least one of the debtors and another
- [ ] **Check if this claim relates to a community debt**

**Is the claim subject to offset?**
- [x] No
- [ ] Yes

Last 4 digits of account number          4491

When was the debt incurred?          11/2021

**As of the date you file, the claim is:** Check all that apply.
- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed

**Type of NONPRIORITY unsecured claim:**
- [ ] Student loans
- [ ] Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- [ ] Debts to pension or profit-sharing plans, and other similar debts
- [x] Other. Specify _____ 072 Automobile

$3,030.00

| Debtor 1 | Lucius | | D | | McDade | | Case number *(if known)* | |
|---|---|---|---|---|---|---|---|---|
| | First Name | | Middle Name | | Last Name | | | |

**Part 3:** **List Others to Be Notified About a Debt That You Already Listed**

5. Use this page only if you have others to be notified about your bankruptcy, for a debt that you already listed in Parts 1 or 2. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the original creditor in Parts 1 or 2, then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Parts 1 or 2, list the additional creditors here. If you do not have additional persons to be notified for any debts in Parts 1 or 2, do not fill out or submit this page.

Harris & Harris Ltd
Name

111 W JACKSON BLVD S-400
Number     Street

CHICAGO        Illinois        60604
City        State        Zip Code

**On which entry in Part 1 or Part 2 did you list the original creditor?**

Line 4.3_____  of *(Check one)*:

☐ Part 1: Creditors with Priority Unsecured Claims
☑ Part 2: Creditors with Nonpriority Unsecured Claims

**Last 4 digits of account number** _____

Law Office of Robert Mucci
Name

5600 Old Orchard Rd
Number     Street

Skokie        Illinois        60077
City        State        Zip Code

**On which entry in Part 1 or Part 2 did you list the original creditor?**

Line 4.19_____  of *(Check one)*:

☐ Part 1: Creditors with Priority Unsecured Claims
☑ Part 2: Creditors with Nonpriority Unsecured Claims

**Last 4 digits of account number** _____

| Debtor 1 | Lucius | D | McDade | Case number *(if known)* |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

| **Part 4:** | **Add the Amounts for Each Type of Unsecured Claim** |
|---|---|

6.

Total the amounts of certain types of unsecured claims. This information is for statistical reporting purposes only. 28 U.S.C. §159. Add the amounts for each type of unsecured claim.

|  | | **Total claims** |
|---|---|---|
| **Total claims from Part 1** | 6a. Domestic support obligations. | 6a. $0.00 |
| | 6b. Taxes and certain other debts you owe the government | 6b. $0.00 |
| | 6c. Claims for death or personal injury while you were intoxicated | 6c. $0.00 |
| | 6d. Other. Add all other priority unsecured claims. Write that amount here. | 6d. $1,500.00 |
| | 6e. Total. Add lines 6a through 6d. | 6e. $1,500.00 |

|  | | **Total claims** |
|---|---|---|
| **Total claims from Part 2** | 6f. Student loans | 6f. $0.00 |
| | 6g. Obligations arising out of a separation agreement or divorce that you did not report as priority claims | 6g. $0.00 |
| | 6h. Debts to pension or profit-sharing plans, and other similar debts | 6h. $0.00 |
| | 6i. Other. Add all other nonpriority unsecured claims. Write that amount here. | 6i. $12,431.29 |
| | 6j. Total. Add lines 6f through 6i. | 6j. $12,431.29 |

| Fill in this information to identify your case: | | |
|---|---|---|
| Debtor 1 | Lucius | D | McDade |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | Northern | District of Illinois | |
| | | (State) | |
| Case number | | | |
| (If known) | | | |

☐ Check if this is an amended filing

# Official Form 106G

# Schedule G: Executory Contracts and Unexpired Leases

**12/15**

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the additional page, fill it out, number the entries, and attach it to this page. On the top of any additional pages, write your name and case number (if known).

1. **Do you have any executory contracts or unexpired leases?**

   ☐ No. Check this box and file this form with the court with your other schedules. You have nothing else to report on this form.

   ☑ Yes. Fill in all of the information below even if the contracts or leases are listed on *Schedule A/B: Property* (Official Form 106A/B).

2. **List separately each person or company with whom you have the contract or lease. Then state what each contract or lease is for (for example, rent, vehicle lease, cell phone).** See the instructions for this form in the instruction booklet for more examples of executory contracts and unexpired leases.

| | Person or company with whom you have the contract or lease | State what the contract or lease is for |
|---|---|---|
| 2.1 | Malsoky, Adam | Residential Lease, |
| | Name | Other, |
| | | Housing |
| | 1301 Elgin Ave. | |
| | Number         Street | |
| | Forest Park         Illinois         60130 | |
| | City         State         Zip Code | |

| Fill in this information to identify your case: | | | |
|---|---|---|---|
| Debtor 1 | Lucius | D | McDade |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | Northern | District of Illinois | |
| | | (State) | |
| Case number | | | |
| (If known) | | | |

☐ Check if this is an amended filing

# Official Form 106H

## Schedule H: Your Codebtors                                                                                    12/15

**Codebtors are people or entities who are also liable for any debts you may have. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, and number the entries in the boxes on the left. Attach the Additional Page to this page. On the top of any Additional Pages, write your name and case number (if known). Answer every question.**

1. **Do you have any codebtors?** (If you are filing a joint case, do not list either spouse as a codebtor.)

   ☑ No

   ☐ Yes

2. **Within the last 8 years, have you lived in a community property state or territory?** (*Community property states and territories* include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, and Wisconsin.)

   ☑ No. Go to line 3.

   ☐ Yes. Did your spouse, former spouse, or legal equivalent live with you at the time?

      ☑ No

      ☐ Yes. In which community state or territory did you live? _____ Fill in the name and current address of that person.

      _____
      Name of your spouse, former spouse, or legal equivalent

      _____
      Number      Street

      _____
      City                          State                    Zip Code

3. **In Column 1, list all of your codebtors. Do not include your spouse as a codebtor if your spouse is filing with you. List the person shown in line 2 again as a codebtor only if that person is a guarantor or cosigner. Make sure you have listed the creditor on** *Schedule D* **(Official Form 106D),** *Schedule E/F* **(Official Form 106E/F), or** *Schedule G* **(Official Form 106G). Use** *Schedule D, Schedule E/F,* **or** *Schedule G* **to fill out Column 2.**

| Column 1: Your codebtor | Column 2: The creditor to whom you owe the debt |
|---|---|
| | Check all schedules that apply: |

<table>
<tr><td colspan="2"><strong>Fill in this information to identify your case:</strong></td></tr>
</table>

| Debtor 1 | Lucius | D | McDade |
|---|---|---|---|
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | Northern | | District of Illinois |
| | | | (State) |
| Case number (if known) | | | |

Check if this is:

☐ An amended filing

☐ A supplement showing post-petition chapter 13 expenses as of the following date:

_____
MM / DD / YYYY

# Official Form 106I

# Schedule I: Your Income

12/15

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1: Describe Employment

|  | | Debtor 1 | Debtor 2 |
|---|---|---|---|
| 1. **Fill in your employment information.** If you have more than one job, attach a separate page with information about additional employers. Include part time, seasonal, or self-employed work. Occupation may include student or homemaker, if it applies. | Employment status | ☑ Employed<br>☐ Not Employed | ☐ Employed<br>☐ Not Employed |
| | Occupation | Janitor | |
| | Employer's name | All Clean Services | |
| | Employer's address | 595 W Crossville Rd | |
| | | Number Street | Number Street |
| | | Roswell   Georgia   30075 | |
| | | City   State   Zip Code | City   State   Zip Code |
| | How long employed there? | 2 months | |

## Part 2: Give Details About Monthly Income

Estimate monthly income as of the date you file this form. If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 2. | **List monthly gross wages, salary, and commissions** (before all payroll deductions.) If not paid monthly, calculate what the monthly wage would be. | 2. $2,708.33 | |
| 3. | **Estimate and list monthly overtime pay.** | 3. + $0.00 | |
| 4. | **Calculate gross income.** Add line 2 + line 3. | 4. $2,708.33 | |

| Debtor 1 | Lucius | D | McDade | Case number *(if known)* | |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

|  | | | **For Debtor 1** | **For Debtor 2 or non-filing spouse** |
|---|---|---|---|---|
| **Copy line 4 here** ➜ | 4. | | $2,708.33 | |
| **5. List all payroll deductions:** | | | | |
| 5a. **Tax, Medicare, and Social Security deductions** | 5a. | | $0.00 | |
| 5b. **Mandatory contributions for retirement plans** | 5b. | | $0.00 | |
| 5c. **Voluntary contributions for retirement plans** | 5c. | | $0.00 | |
| 5d. **Required repayments of retirement fund loans** | 5d. | | $0.00 | |
| 5e. **Insurance** | 5e. | | $0.00 | |
| 5f. **Domestic support obligations** | 5f. | | $0.00 | |
| 5g. **Union dues** | 5g. | | $0.00 | |
| 5h. **Other deductions.** Specify: _____ | 5h. + | | $0.00 | + |
| **6. Add the payroll deductions.** Add lines 5a + 5b + 5c + 5d + 5e +5f + 5g +5h. | 6. | | $0.00 | |
| **7. Calculate total monthly take-home pay.** Subtract line 6 from line 4. | 7. | | $2,708.33 | |
| **8. List all other income regularly received:** | | | | |
| 8a. **Net income from rental property and from operating a business, profession, or farm** | | | | |
| Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | 8a. | | $0.00 | |
| 8b. **Interest and dividends** | 8b. | | $0.00 | |
| 8c. **Family support payments that you, a non-filing spouse, or a dependent regularly receive** | | | | |
| Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | 8c. | | $0.00 | |
| 8d. **Unemployment compensation** | 8d. | | $0.00 | |
| 8e. **Social Security** | 8e. | | $0.00 | |
| 8f. **Other government assistance that you regularly receive** | | | | |
| Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies Specify: | 8f. | | $0.00 | |
| 8g. **Pension or retirement income** | 8g. | | $0.00 | |
| 8h. **Other monthly income.** Specify: _____ | 8h. + | | $0.00 | + |
| **9. Add all other income** Add lines 8a + 8b + 8c + 8d + 8e + 8f +8g + 8h. | 9. | | $0.00 | |
| **10. Calculate monthly income.** Add line 7 + line 9. | 10. | | $2,708.33 | + | | = | $2,708.33 |
| Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse | | | | | | | |

**11. State all other regular contributions to the expenses that you list in** *Schedule J.*

Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.

Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J.*

Specify: 11. + _____ $0.00

**12. Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income. Write that amount on the *Summary of Schedules and Statistical Summary of Certain Liabilities and Related Data,* if it applies

12. $2,708.33

**Combined monthly income**

**13. Do you expect an increase or decrease within the year after you file this form?**

[✓] No.

[ ] Yes. Explain: _____

**Schedule I: Your Income**

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | Lucius | D | McDade |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | Northern | District of | Illinois |
| | | | (State) |
| Case number | | | |
| (If known) | | | |

Check if this is:

☐ An amended filing

☐ A supplement showing post-petition chapter 13
expenses as of the following date:

MM / DD / YYYY

# Official Form 106J

## Schedule J: Your Expenses

**12/15**

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:  Describe Your Household

**1. Is this a joint case?**

☑ No. Go to line 2

☐ Yes. **Does Debtor 2 live in a separate household?**

    ☐ No

    ☐ Yes. Debtor 2 must file Official Forms 106J-2, *Expenses for Separate Household of Debtor 2.*

**2. Do you have dependents?**

Do not list Debtor 1 and Debtor 2.

☑ No

☐ Yes. Fill out this information for each dependent

| Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|

**3. Do your expenses include expenses of people other than yourself and your dependents?**

☑ No

☐ Yes

### Part 2:  Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental Schedule J, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form B 106I.)

| | | Your expenses |
|---|---|---|
| 4. **The rental or home ownership expenses for your residence.** Include first mortgage payments and any rent for the ground or lot. 4. | 4. | $1,000.00 |
| **If not included in line 4:** | | |
| 4a. Real estate taxes | 4a | $0.00 |
| 4b. Property, homeowner's, or renter's insurance | 4b. | $0.00 |
| 4c. Home maintenance, repair, and upkeep expenses | 4c. | $0.00 |
| 4d. Homeowner's association or condominium dues | 4d. | $0.00 |

| Debtor 1 | Lucius | D | McDade | Case number *(if known)* | |
|----------|--------|---|--------|------|---|
| | First Name | Middle Name | Last Name | | |

| | | | | Your expenses |
|---|---|---|---|---|
| 5. **Additional mortgage payments for your residence,** such as home equity loans | | 5. | | $0.00 |
| 6. **Utilities:** | | | | |
| 6a. Electricity, heat, natural gas | | 6a. | | $120.00 |
| 6b. Water, sewer, garbage collection | | 6b. | | $0.00 |
| 6c. Telephone, cell phone, Internet, satellite, and cable services | | 6c. | | $200.00 |
| 6d. Other. Specify: _____ | | 6d | | $0.00 |
| 7. **Food and housekeeping supplies** | | 7. | | $275.00 |
| 8. **Childcare and children's education costs** | | 8. | | $0.00 |
| 9. **Clothing, laundry, and dry cleaning** | | 9. | | $115.00 |
| 10. **Personal care products and services** | | 10. | | $100.00 |
| 11. **Medical and dental expenses** | | 11. | | $0.00 |
| 12. **Transportation.** Include gas, maintenance, bus or train fare. Do not include car payments | | 12. | | $100.00 |
| 13. **Entertainment, clubs, recreation, newspapers, magazines, and books** | | 13. | | $0.00 |
| 14. **Charitable contributions and religious donations** | | 14. | | $0.00 |
| 15. **Insurance.** Do not include insurance deducted from your pay or included in lines 4 or 20. | | | | |
| 15a. Life insurance | | 15a | | $0.00 |
| 15b. Health insurance | | 15b | | $0.00 |
| 15c. Vehicle insurance | | 15c | | $123.00 |
| 15d. Other insurance. Specify: _____ | | 15d | | $0.00 |
| 16. **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. Specify: _____ | | 16 | | $0.00 |
| 17. **Installment or lease payments:** | | | | |
| 17a. Car payments for Vehicle 1 | | 17a | | $0.00 |
| 17b. Car payments for Vehicle 2 | | 17b | | $0.00 |
| 17c. Other. Specify: _____ | | 17c | | $0.00 |
| 17d. Other. Specify: _____ | | 17d | | $0.00 |
| 18. **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, Schedule I, Your Income (Official Form 106I).** | | 18. | | $0.00 |
| 19. **Other payments you make to support others who do not live with you.** Specify: _____ | | 19. | | $0.00 |
| 20. **Other real property expenses not included in lines 4 or 5 of this form or on Schedule I: Your Income.** | | | | |
| 20a. Mortgages on other property | | 20a | | $0.00 |
| 20b. Real estate taxes. | | 20b | | $0.00 |
| 20c. Property, homeowner's, or renter's insurance | | 20c | | $0.00 |
| 20d. Maintenance, repair, and upkeep expenses. | | 20d | | $0.00 |
| 20e. Homeowner's association or condominium dues | | 20e | | $0.00 |

| Debtor 1 | Lucius | D | McDade | Case number *(if known)* | _____ |
| | First Name | Middle Name | Last Name | | |

| 21. **Other.** Specify: _____ | 21 | $0.00 |
|---|---|---|

22. **Calculate your monthly expenses.**

    22a. Add lines 4 through 21.

    22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2

    22c. Add line 22a and 22b. The result is your monthly expenses.

| | | |
|---|---|---|
| | | $2,033.00 |
| | | $0.00 |
| 22. | | $2,033.00 |

23. **Calculate your monthly net income.**

    23a. Copy line 12 (your combined monthly income) from Schedule I.

| 23a | $2,708.33 |
|---|---|

    23b. Copy your monthly expenses from line 22 above.

| 23b | $2,033.00 |
|---|---|

    23c. Subtract your monthly expenses from your monthly income.
          The result is your monthly net income.

| 23c | $675.33 |
|---|---|

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**

    For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

☑ No

☐ Yes

Explain here:

**Schedule J: Your Expenses**

| Fill in this information to identify your case: | | | |
|---|---|---|---|
| Debtor 1 | Lucius | D | McDade |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | Northern | District of | Illinois |
| | | | (State) |
| Case number | | | |
| (If known) | | | |

☐ Check if this is an amended filing

## Official Form 106Dec

# Declaration About an Individual Debtor's Schedules

12/15

If two married people are filing together, both are equally responsible for supplying correct information.

You must file this form whenever you file bankruptcy schedules or amended schedules. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Part 1: Sign Below

**Did you pay or agree to pay someone who is NOT an attorney to help you fill out bankruptcy forms?**

☑ No

☐ Yes. Name of person _____     *Attach Bankruptcy Petition Preparer's Notice, Declaration, and Signature (Official Form 119).*

**Under penalty of perjury, I declare that I have read the summary and schedules filed with this declaration and that they are true and correct.**

✗ /s/ Lucius McDade                                    ✗ _____
Signature of Debtor 1                                      Signature of Debtor 2

Date **11/29/2023**                                      Date _____
MM/DD/YYYY                                                 MM/DD/YYYY

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | Lucius | D | McDade |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | Northern | District of Illinois | |
| | | (State) | |
| Case number | | | |
| (If known) | | | |

☐ Check if this is an amended filing

## Official Form 107

# Statement of Financial Affairs for Individuals Filing for Bankruptcy                04/22

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1:  Give Details About Your Marital Status and Where You Lived Before

1. **What is your current marital status?**

   ☐ Married
   ☑ Not married

2. **During the last 3 years, have you lived anywhere other than where you live now?**

   ☑ No
   ☐ Yes. List all of the places you lived in the last 3 years. Do not include where you live now.

| Debtor 1: | Dates Debtor 1 lived there | Debtor 2: | Dates Debtor 2 lived there |
|---|---|---|---|
| | | ☐ Same as Debtor 1 | ☐ Same as Debtor 1 |
| Number Street | From _____ | Number Street | From _____ |
| | To _____ | | To _____ |
| City     State     Zip Code | | City     State     Zip Code | |
| | | ☐ Same as Debtor 1 | ☐ Same as Debtor 1 |
| Number Street | From _____ | Number Street | From _____ |
| | To _____ | | To _____ |
| City     State     Zip Code | | City     State     Zip Code | |

3. **Within the last 8 years, did you ever live with a spouse or legal equivalent in a community property state or territory?** *(Community property states and territories* include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, and Wisconsin.)

   ☑ No
   ☐ Yes. Make sure you fill out Schedule H: Your Codebtors (Official Form 106H).

| Debtor 1 | Lucius | D | McDade | Case number *(if known)* |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

## Part 2: Explain the Sources of Your Income

**4. Did you have any income from employment or from operating a business during this year or the two previous calendar years?**

Fill in the total amount of income you received from all jobs and all businesses, including part-time activities. If you are filing a joint case and you have income that you receive together, list it only once under Debtor 1.

☐ No
☑ Yes. Fill in the details.

| | Debtor 1 | | Debtor 2 | |
|---|---|---|---|---|
| | **Sources of income**<br>Check all that apply. | **Gross income**<br>(before deductions and exclusions) | **Sources of income**<br>Check all that apply. | **Gross income**<br>(before deductions and exclusions) |
| **From January 1 of current year until the date you filed for bankruptcy:** | ☑ Wages, commissions, bonuses, tips<br>☐ Operating a business | $22000.00 | ☐ Wages, commissions, bonuses, tips<br>☐ Operating a business | _____ |
| **For last calendar year:**<br>(January 1 to December 31, 2022 )<br>YYYY | ☑ Wages, commissions, bonuses, tips<br>☐ Operating a business | $20000.00 | ☐ Wages, commissions, bonuses, tips<br>☐ Operating a business | _____ |
| **For the calendar year before that:**<br>(January 1 to December 31, 2021 )<br>YYYY | ☑ Wages, commissions, bonuses, tips<br>☐ Operating a business | $20000.00 | ☐ Wages, commissions, bonuses, tips<br>☐ Operating a business | _____ |

**5. Did you receive any other income during this year or the two previous calendar years?**

Include income regardless of whether that income is taxable. Examples of other income are alimony; child support; Social Security, unemployment, and other public benefit payments; pensions; rental income; interest; dividends; money collected from lawsuits; royalties; and gambling and lottery winnings. If you are filing a joint case and you have income that you received together, list it only once under Debtor 1.

List each source and the gross income from each source separately. Do not include income that you listed in line 4.

☐ No
☑ Yes. Fill in the details.

| | Debtor 1 | | Debtor 2 | |
|---|---|---|---|---|
| | **Sources of income**<br>Describe below. | **Gross income from each source**<br>(before deductions and exclusions) | **Sources of income**<br>Describe below. | **Gross income from each source**<br>(before deductions and exclusions) |
| **From January 1 of current year until the date you filed for bankruptcy:** | Est YTD unemployment<br>_____ | $7,000.00<br>_____ | _____<br>_____ | _____<br>_____ |
| **For last calendar year:**<br>(January 1 to December 31, 2022 )<br>YYYY | _____<br>_____ | $0.00<br>_____ | _____<br>_____ | _____<br>_____ |
| **For the calendar year before that:**<br>(January 1 to December 31, 2021 )<br>YYYY | _____<br>_____ | $0.00<br>_____ | _____<br>_____ | _____<br>_____ |

| Debtor 1 | Lucius | D | McDade | Case number *(if known)* |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

| **Part 3:** | **List Certain Payments You Made Before You Filed for Bankruptcy** |
|---|---|

6. **Are either Debtor 1's or Debtor 2's debts primarily consumer debts?**

☐ No. **Neither Debtor 1 nor Debtor 2 has primarily consumer debts.** Consumer debts are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $7,575* or more?

☐ No. Go to line 7.

☐ Yes. List below each creditor to whom you paid a total of $7,575* or more in one or more payments and the total amount you paid that creditor. Do not include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.

* Subject to adjustment on 4/01/25 and every 3 years after that for cases filed on or after the date of adjustment.

☑ Yes. **Debtor 1 or Debtor 2 or both have primarily consumer debts.**

During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $600 or more?

☑ No. Go to line 7.

☐ Yes. List below each creditor to whom you paid a total of $600 or more and the total amount you paid that creditor. Do not include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.

| | Dates of payment | Total amount paid | Amount you still owe | Was this payment for... |
|---|---|---|---|---|
| Creditor's Name _____ <br> Number Street _____ <br> _____ <br> City    State    Zip Code | _____ | _____ | _____ | ☐ Mortgage <br> ☐ Car <br> ☐ Credit card <br> ☐ Loan repayment <br> ☐ Suppliers or vendors <br> ☐ Other |
| Creditor's Name _____ <br> Number Street _____ <br> _____ <br> City    State    Zip Code | _____ | _____ | _____ | ☐ Mortgage <br> ☐ Car <br> ☐ Credit card <br> ☐ Loan repayment <br> ☐ Suppliers or vendors <br> ☐ Other |
| Creditor's Name _____ <br> Number Street _____ <br> _____ <br> City    State    Zip Code | _____ | _____ | _____ | ☐ Mortgage <br> ☐ Car <br> ☐ Credit card <br> ☐ Loan repayment <br> ☐ Suppliers or vendors <br> ☐ Other |

| Debtor 1 | Lucius | D | McDade | Case number *(if known)* | |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

---

**7.** **Within 1 year before you filed for bankruptcy, did you make a payment on a debt you owed anyone who was an insider?**

Insiders include your relatives; any general partners; relatives of any general partners; partnerships of which you are a general partner; corporations of which you are an officer, director, person in control, or owner of 20% or more of their voting securities; and any managing agent, including one for a business you operate as a sole proprietor. 11 U.S.C. § 101. Include payments for domestic support obligations, such as child support and alimony.

☑ No

☐ Yes. List all payments to an insider.

| | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment |
|---|---|---|---|---|
| Insider's Name | _____ | _____ | _____ | |
| Number Street | | | | |
| City          State          Zip Code | | | | |
| Insider's Name | _____ | _____ | _____ | |
| Number Street | | | | |
| City          State          Zip Code | | | | |

**8.** **Within 1 year before you filed for bankruptcy, did you make any payments or transfer any property on account of a debt that benefited an insider?**

Include payments on debts guaranteed or cosigned by an insider.

☑ No

☐ Yes. List all payments that benefited an insider.

| | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment |
|---|---|---|---|---|
| | | | | *Include creditor's name* |
| Insider's Name | _____ | _____ | _____ | |
| Number Street | | | | |
| City          State          Zip Code | | | | |
| Insider's Name | _____ | _____ | _____ | |
| Number Street | | | | |
| City          State          Zip Code | | | | |

| Debtor 1 | Lucius | D | McDade | Case number *(if known)* |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

## Part 4: Identify Legal Actions, Repossessions, and Foreclosures

**9. Within 1 year before you filed for bankruptcy, were you a party in any lawsuit, court action, or administrative proceeding?**
List all such matters, including personal injury cases, small claims actions, divorces, collection suits, paternity actions, support or custody modifications, and contract disputes.

☑ No
☐ Yes. Fill in the details.

| | Nature of the case | Court or agency | Status of the case |
|---|---|---|---|
| Case title _____ | | Court Name _____ | ☐ Pending |
| | | | ☐ On appeal |
| Case number _____ | | NumberStreet _____ | ☐ Concluded |
| | | City     State     Zip Code | |
| Case title _____ | | Court Name _____ | ☐ Pending |
| | | | ☐ On appeal |
| Case number _____ | | NumberStreet _____ | ☐ Concluded |
| | | City     State     Zip Code | |

**10. Within 1 year before you filed for bankruptcy, was any of your property repossessed, foreclosed, garnished, attached, seized, or levied?**
Check all that apply and fill in the details below.

☐ No. Go to line 11.
☑ Yes. Fill in the information below.

| | Describe the property | Date | Value of the property |
|---|---|---|---|
| GLOBAL LENDING SERVICE<br>Creditor's Name | 2017 Hyundai Sonata | 11/2023 | $9325 |
| 1200 BROOKFIELD BLVD STE<br>Number   Street | **Explain what happened** | | |
| _____ | ☑ Property was repossessed. | | |
| | ☐ Property was foreclosed. | | |
| GREENVILLE     South Carolina  29607<br>City     State     Zip Code | ☐ Property was garnished. | | |
| | ☐ Property was attached, seized, or levied. | | |
| | **Describe the property** | **Date** | **Value of the property** |
| _____<br>Creditor's Name | | | |
| _____<br>Number   Street | **Explain what happened** | | |
| _____ | ☐ Property was repossessed. | | |
| | ☐ Property was foreclosed. | | |
| _____<br>City     State     Zip Code | ☐ Property was garnished. | | |
| | ☐ Property was attached, seized, or levied. | | |

| Debtor 1 | Lucius | D | McDade | Case number *(if known)* |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

**11.** Within 90 days before you filed for bankruptcy, did any creditor, including a bank or financial institution, set off any amounts from your accounts or refuse to make a payment because you owed a debt?

☑ No
☐ Yes. Fill in the details.

| | Describe the action the creditor took | Date action was taken | Amount |
|---|---|---|---|
| Creditor's Name | | | |
| Number   Street | | | |
| | Last 4 digits of account number: XXXX- | | |
| City          State          Zip Code | | | |

**12.** Within 1 year before you filed for bankruptcy, was any of your property in the possession of an assignee for the benefit of creditors, a court-appointed receiver, a custodian, or another official?

☑ No
☐ Yes

---

**Part 5:   List Certain Gifts and Contributions**

**13.** Within 2 years before you filed for bankruptcy, did you give any gifts with a total value of more than $600 per person?

☑ No
☐ Yes. Fill in the details for each gift.

| Gifts with a total value of more than $600 per person | Describe the gifts | Dates you gave the gifts | Value |
|---|---|---|---|
| Person to Whom You Gave the Gift | | | |
| Number   Street | | | |
| City          State          Zip Code | | | |
| Person's relationship to you | | | |
| Person to Whom You Gave the Gift | | | |
| Number   Street | | | |
| City          State          Zip Code | | | |
| Person's relationship to you | | | |

| Debtor 1 | Lucius | D | McDade | Case number *(if known)* |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

**14.** Within 2 years before you filed for bankruptcy, did you give any gifts or contributions with a total value of more than $600 to any charity?

- ☑ No
- ☐ Yes. Fill in the details for each gift or contribution.

| Gifts or contributions to charities that total more than $600 | Describe what you contributed | Date you contributed | Value |
|---|---|---|---|
| Charity's Name | | | |
| Number  Street | | | |
| City  State  Zip Code | | | |

## Part 6:  List Certain Losses

**15.** Within 1 year before you filed for bankruptcy or since you filed for bankruptcy, did you lose anything because of theft, fire, other disaster, or gambling?

- ☑ No
- ☐ Yes. Fill in the details.

| Describe the property you lost and how the loss occurred | Describe any insurance coverage for the loss. Include the amount that insurance has paid. List pending insurance claims on line 33 of *Schedule A/B: Property.* | Date of your loss | Value of property lost |
|---|---|---|---|
| | | | |

## Part 7:  List Certain Payments or Transfers

**16.** Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone you consulted about seeking bankruptcy or preparing a bankruptcy petition?
Include any attorneys, bankruptcy petition preparers, or credit counseling agencies for services required in your bankruptcy.

- ☐ No
- ☑ Yes. Fill in the details.

| | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|
| Semrad Law Firm | Attorney's Fee - 300.00 | 11/29/2023 | $300.00 |
| Person Who Was Paid | | | |
| 11101 S. Western Avenue | | | |
| Number  Street | | | |
| Chicago  Illinois  60643 | | | |
| City  State  Zip Code | | | |
| Email or website address | | | |
| Person Who Made the Payment, if Not You | | | |
| Person Who Was Paid | | | |
| Number  Street | | | |
| City  State  Zip Code | | | |
| Email or website address | | | |
| Person Who Made the Payment, if Not You | | | |

Debtor 1    Lucius                    D                      McDade                    Case number *(if known)*_____
            First Name                Middle Name            Last Name

**17.   Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone who promised to help you deal with your creditors or to make payments to your creditors?**
Do not include any payment or transfer that you listed on line 16.

☑ No
☐ Yes. Fill in the details.

| | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|
| _____<br>Person Who Was Paid<br><br>_____<br>Number  Street<br><br>_____<br><br>_____<br>City        State        Zip Code | | _____ | _____ |

**18.   Within 2 years before you filed for bankruptcy, did you sell, trade, or otherwise transfer any property to anyone, other than property transferred in the ordinary course of your business or financial affairs?**
Include both outright transfers and transfers made as security (such as the granting of a security interest or mortgage on your property). Do not include gifts and transfers that you have already listed on this statement.

☑ No
☐ Yes. Fill in the details.

| | Description and value of property transferred | Describe any property or payments received or debts paid in exchange | Date transfer was made |
|---|---|---|---|
| _____<br>Person Who Received Transfer<br><br>_____<br>Number  Street<br><br>_____<br><br>_____<br>City        State        Zip Code<br>Person's relationship to you | | | _____ |
| _____<br>Person Who Received Transfer<br><br>_____<br>Number  Street<br><br>_____<br><br>_____<br>City        State        Zip Code<br>Person's relationship to you | | | |

**19.   Within 10 years before you filed for bankruptcy, did you transfer any property to a self-settled trust or similar device of which you are a beneficiary?**
(These are often called asset-protection devices.)

☑ No
☐ Yes. Fill in the details.

| | Description and value of the property transferred | Date transfer was made |
|---|---|---|
| _____<br>Name of trust | | _____ |

| Debtor 1 | Lucius | D | McDade | Case number *(if known)* |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

**Part 8:**  **List Certain Financial Accounts, Instruments, Safe Deposit Boxes, and Storage Units**

20. **Within 1 year before you filed for bankruptcy, were any financial accounts or instruments held in your name, or for your benefit, closed, sold, moved, or transferred?**
    Include checking, savings, money market, or other financial accounts; certificates of deposit; shares in banks, credit unions, brokerage houses, pension funds, cooperatives, associations, and other financial institutions.

    ☐ No
    ☑ Yes. Fill in the details.

| | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|
| Access Credit Union <br> Name of Financial Institution <br> 1807 W Cermak Rd <br> Number  Street <br> <br> Broadview        Illinois        60155 <br> City        State        Zip Code | XXXX- | ☑ Checking <br> ☐ Savings <br> ☐ Money market <br> ☐ Brokerage <br> ☐ Other | 07/2023 | $ 0.00 |
| Person Who Was Paid <br> <br> Number  Street <br> <br> City        State        Zip Code | XXXX- | ☐ Checking <br> ☐ Savings <br> ☐ Money market <br> ☐ Brokerage <br> ☐ Other | | |

21. **Do you now have, or did you have within 1 year before you filed for bankruptcy, any safe deposit box or other depository for securities, cash, or other valuables?**

    ☑ No
    ☐ Yes. Fill in the details.

| | Who else had access to it? | Describe the contents | Do you still have it? |
|---|---|---|---|
| Name of Financial Institution <br> Number Street <br> <br> City        State        Zip Code | Name <br> Number    Street <br> <br> City        State        Zip Code | | ☐ No <br> ☐ Yes |

22. **Have you stored property in a storage unit or place other than your home within 1 year before you filed for bankruptcy?**

    ☑ No
    ☐ Yes. Fill in the details.

| | Who else had access to it? | Describe the contents | Do you still have it? |
|---|---|---|---|
| Name of Storage Facility <br> Number Street <br> <br> City        State        Zip Code | Name <br> Number    Street <br> <br> City        State        Zip Code | | ☐ No <br> ☐ Yes |

| Debtor 1 | Lucius | D | McDade | Case number *(if known)* |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

---

**Part 9:** **Identify Property You Hold or Control for Someone Else**

23.  **Do you hold or control any property that someone else owns? Include any property you borrowed from, are storing for, or hold in trust for someone.**

☑ No
☐ Yes. Fill in the details.

| | Where is the property? | Describe the contents | Value |
|---|---|---|---|
| Owner's Name | Number Street | | _____ |
| Number Street | City     State     Zip Code | | |
| City     State     Zip Code | | | |

---

**Part 10:** **Give Details About Environmental Information**

For the purpose of Part 10, the following definitions apply:

- *Environmental law* means any federal, state, or local statute or regulation concerning pollution, contamination, releases of hazardous or toxic substances, wastes, or material into the air, land, soil, surface water, groundwater, or other medium, including statutes or regulations controlling the cleanup of these substances, wastes, or material.

- *Site* means any location, facility, or property as defined under any environmental law, whether you now own, operate, or utilize it or used to own, operate, or utilize it, including disposal sites.

- *Hazardous material* means anything an environmental law defines as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, contaminant, or similar term.

Report all notices, releases, and proceedings that you know about, regardless of when they occurred.

24.  **Has any governmental unit notified you that you may be liable or potentially liable under or in violation of an environmental law?**

☑ No
☐ Yes. Fill in the details.

| | Governmental unit | Environmental law, if you know it | Date of notice |
|---|---|---|---|
| Name of site | Governmental unit | | _____ |
| Number Street | Number Street | | |
| City     State     Zip Code | City     State     Zip Code | | |

25.  **Have you notified any governmental unit of any release of hazardous material?**

☑ No
☐ Yes. Fill in the details.

| | Governmental unit | Environmental law, if you know it | Date of notice |
|---|---|---|---|
| Name of site | Governmental unit | | _____ |
| Number Street | Number Street | | |
| City     State     Zip Code | City     State     Zip Code | | |

---

Official Form 107            **Statement of Financial Affairs for Individuals Filing for Bankruptcy**            page 10

| Debtor 1 | Lucius | D | McDade | Case number *(if known)* | |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

**26.** Have you been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.

☑ No
☐ Yes. Fill in the details.

| | Court or agency | Nature of the case | Status of the case |
|---|---|---|---|
| Case title _____ | Court Name _____ | | ☐ Pending |
| Case number _____ | Number Street | | ☐ On appeal |
| | City      State      Zip Code | | ☐ Concluded |

---

**Part 11:    Give Details About Your Business or Connections to Any Business**

**27.** Within 4 years before you filed for bankruptcy, did you own a business or have any of the following connections to any business?

☐ A sole proprietor or self-employed in a trade, profession, or other activity, either full-time or part-time
☐ A member of a limited liability company (LLC) or limited liability partnership (LLP)
☐ A partner in a partnership
☐ An officer, director, or managing executive of a corporation
☐ An owner of at least 5% of the voting or equity securities of a corporation

☑ No. None of the above applies. Go to Part 12.
☐ Yes. Check all that apply above and fill in the details below for each business.

| | Describe the nature of the business | Employer Identification number Do not include Social Security number or ITIN. |
|---|---|---|
| Business Name _____ | | EIN: _____ |
| Number   Street _____ | | **Dates business existed** |
| City      State      Zip Code | Name of accountant or bookkeeper | From _____ To _____ |

| | Describe the nature of the business | Employer Identification number Do not include Social Security number or ITIN. |
|---|---|---|
| Business Name _____ | | EIN: _____ |
| Number   Street _____ | | **Dates business existed** |
| City      State      Zip Code | Name of accountant or bookkeeper | From _____ To _____ |

| | Describe the nature of the business | Employer Identification number Do not include Social Security number or ITIN. |
|---|---|---|
| Business Name _____ | | EIN: _____ |
| Number   Street _____ | | **Dates business existed** |
| City      State      Zip Code | Name of accountant or bookkeeper | From _____ To _____ |

| Debtor 1 | Lucius | | D | | McDade | | Case number *(if known)* | |
|---|---|---|---|---|---|---|---|---|
| | First Name | | Middle Name | | Last Name | | | |

**28.** **Within 2 years before you filed for bankruptcy, did you give a financial statement to anyone about your business? Include all financial institutions, creditors, or other parties.**

☑ No
☐ Yes. Fill in the details below.

_____     **Date issued**

_____
Name                       MM/DD/YYYY

_____
Number   Street

_____
City           State        Zip Code

### Part 12: Sign Below

I have read the answers on this *Statement of Financial Affairs* and any attachments, and I declare under penalty of perjury that the answers are true and correct. I understand that making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

✗ _____/s/ Lucius McDade_____           ✗ _____
Signature of Debtor 1                              Signature of Debtor 2

Date 11/29/2023                                      Date

**Did you attach additional pages to Your Statement of Financial Affairs for Individuals Filing for Bankruptcy (Official Form 107)?**

☑ No
☐ Yes

**Did you pay or agree to pay someone who is not an attorney to help you fill out bankruptcy forms?**

☑ No
☐ Yes. Name of person _____     Attach the *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119).

B2030 (Form 2030) (12/15)

# UNITED STATES BANKRUPTCY COURT

## Northern District of Illinois

In re **Lucius D McDade** _____     Case No. _____

_____ Debtor                                                          (If known)

                                              Chapter    **Chapter 13**  _____

# DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the abovenamed debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection w ith the bankruptcy case is as follows:

   For legal services, I have agreed to accept                                    **$4,500.00**

   Prior to the filing of this statement I have received                          **$300.00**

   Balance Due                                                                     **$4,200.00**

2. The source of the compensation paid to me was:

   [✓] Debtor                    [ ] Other (specify)

3. The source of the compensation paid to me is:

   [✓] Debtor                    [ ] Other (specify)

4. [✓] I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   [ ] I have agreed to share the above-disclosed compensation with a other person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

   b. Preparation and filing of any petition, schedules, statements of affairs and plan which may be required;

   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

   d. Representation of the debtor in adversary proceedings and other contested bankruptcy matters;

6. By agreement with the debtor(s), the above-disclosed fee does not include the following services:

---

## CERTIFICATION

   I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceedings.

   11/29/2023 _____                    **/s/ Brittni Hayes** _____
   Date                                                    Signature of Attorney

                                                    Semrad _____
                                                    Name of law firm

Form 13-8

# COURT-APPROVED RETENTION AGREEMENT
## (for cases filed on or after March 15, 2021)

This agreement describes the rights and duties of debtors and their lawyers in Chapter 13 bankruptcy cases in the Northern District of Illinois. The debtor and lawyer must enter into this agreement for the lawyer to receive a flat fee of $4,500.00 as compensation in the case. By signing this agreement, the debtor and lawyer agree to do everything this agreement requires.

**DO NOT sign this agreement unless you have read it and understand it.**

This agreement replaces any conflicting agreement between the debtor and the lawyer. If any provision of another agreement conflicts with this agreement, the lawyer will not be awarded a flat fee as compensation in the case.

The lawyer must perform all tasks reasonably necessary for the bankruptcy case. Performance of those tasks is a condition of receiving the flat fee. The lawyer may not charge any other fees for representing the debtor in the case. The sole exception, explained below, is representation of the debtor in certain lawsuits in the bankruptcy case known as adversary proceedings.

1.      **Duties of the Debtor and the Lawyer**

A.      **Counseling Before Filing a Bankruptcy Case**

Before a bankruptcy case is filed, the debtor must provide financial and other information to the lawyer. The lawyer must evaluate the information and advise the debtor whether filing a bankruptcy case is appropriate, and if so, under which chapter of the Bankruptcy Code. The lawyer must explain the advantages and disadvantages of filing a bankruptcy case.

If filing a chapter 13 bankruptcy case is appropriate, the lawyer must explain how and when attorneys' fees will be paid.

B.      **Documents for the Case**

The lawyer or a member of the lawyer's staff must prepare all the documents required to be filed in the bankruptcy case. The debtor must provide all information the lawyer or a member of the lawyer's staff requests to prepare the documents. Failure to provide requested information will make it difficult or impossible for the lawyer to file the case or to represent the debtor once the case is filed. The lawyer must review each document with the debtor, who must approve and sign the documents.

C.      **Representation of the Debtor throughout the Case**

The lawyer must represent the debtor at the § 341 meeting of creditors and in all court

hearings. The lawyer must prepare and file all motions necessary for the case and must represent the debtor on all other motions that affect the debtor's interests.

The lawyer must examine all claims creditors file in the case and must object to claims if appropriate.

The lawyer must be available to answer the debtor's questions about the case and must answer them in a timely manner.

The debtor must notify the lawyer of any significant change in the debtor's circumstances, such as the loss of a job or the proposed purchase or sale of a home or car. The debtor must also notify the lawyer of any change in the debtor's address, phone number, or email address.

If the debtor and the lawyer decide that the case should be converted to a case under chapter 7, the lawyer must file the notice of conversion.

The lawyer must file and represent the debtor in adversary proceedings for turnover of property of the bankruptcy estate.

2.    **Attorneys' Fees and Expenses**

A.    **Flat Fee for Attorneys' Fees**

The lawyer may charge a flat fee for all services required in this agreement. The flat fee may not exceed the amount permitted by the court when the case is filed.

The flat fee does not cover:

- representing the debtor in adversary proceedings other than for turnover of estate property
- representing the debtor in the chapter 7 case, if the case is converted to chapter 7
- representing the debtor in appeals

The debtor and the lawyer can negotiate an additional fee for representation in adversary proceedings not included in the flat fee and for representation in a chapter 7 case if the case is converted.

B.    **Expenses**

The lawyer may also charge the debtor for certain actual, necessary expenses incurred in representing the debtor as permitted in this paragraph. These expenses are in addition to the flat attorney's fees. The court must approve all expenses.

The lawyer may charge the debtor for the following expenses:

- Court filing fees

- Fees charged by a credit reporting agency for a credit report

- Copying and postage charges as follows:

  1. A flat fee not to exceed $25 for all copying and postage charges in the case. The copying and postage charges need not be itemized.

     **or**

  2. The actual amount of postage and copying costs (no more than $0.10 per page) incurred in the case. The itemization must state (a) the number of copies and the dates when the copies were made, and (2) the dates and amounts of postage charges incurred.

- Fees charged by the IRS or other taxing authorities to obtain tax returns

- Other actual, necessary expenses, but only if the lawyer submits to the court an itemization of the expenses with supporting copies of invoices or other documents

The lawyer may not charge the debtor for an outside service that serves documents filed in the bankruptcy case.

## C.    Advance Payment to the Lawyer

The lawyer and the debtor must agree on whether the debtor will pay any or all of the attorneys' fee owed for the case before it is filed.

If the debtor makes a payment before the case is filed, the payment will be treated as an advance payment retainer.

The lawyer must explain to the debtor how an advance payment retainer is treated. The lawyer will not hold the retainer in a client trust account and it will become property of the lawyer upon payment. The special purpose of the advance payment retainer is that it permits the lawyer to be paid for essential work that must be performed before the court can consider the lawyer's fee application. The lawyer is not required to keep detailed time records because this is a flat fee agreement. The lawyer need not refund any portion of the advance payment if work is not performed, unless the court orders the lawyer to do so.

## D.    Payment of the Balance during the Case

Attorneys' fees not paid before the case is filed will be paid to the lawyer by the trustee out of the debtor's plan payments. The debtor may not pay the lawyer directly after the case is filed.

The debtor's Chapter 13 plan may not provide for current monthly payments to secured creditors that are other than in equal amounts. The lawyer may not file a Chapter 13 plan for the debtor in which payments to a secured creditor are set at an amount that accelerates payments to the lawyer.

### E.        Additional Fees in Extraordinary Circumstances

In extraordinary circumstances, the lawyer may apply to the court for additional compensation. The application must be accompanied by an itemization of the services rendered.

## 3.       Coverage Counsel

### A. Disclosure of the Practice

If the debtor's lawyer has a practice of using other lawyers not employed at the same firm to perform any of the lawyer's obligations under this agreement, he must disclose that practice to the debtor before the debtor signs the agreement.

### B. Identifying Coverage Counsel

If the debtor's lawyer asks another lawyer not employed at the same firm to represent the debtor at the meeting of creditors or at any court appearance, the debtor's lawyer must notify the debtor in advance and must provide the name of the lawyer who will represent the debtor.

### C. Providing Information to Coverage Counsel

If the debtor has information to give the other lawyer for the meeting of creditors or for a court appearance, the debtor must give that information to the debtor's lawyer. The debtor's lawyer must then promptly forward the information to the lawyer representing the debtor at the meeting or in court.

## 4.       Dismissal or Conversion of the Case

If the bankruptcy case is dismissed or converted to another chapter before all plan payments have been made, the attorneys' fees paid to the lawyer are not refundable, unless the court orders the fees refunded.

If the bankruptcy case is dismissed after the court has granted the lawyer's application for compensation, the lawyer will not enforce the order granting the application against the debtor for any unpaid fees or expenses.

## 5.       Termination of this Agreement

The debtor may terminate this agreement at any time. By terminating the agreement, the debtor ends the lawyer's representation. If the lawyer has not been paid in full when the

agreement is terminated, the court may reduce the balance of attorneys' fees owed based on the services the lawyer provided before termination.

If the debtor terminates this agreement and hires another lawyer, the court may apportion the flat fee between the lawyers.

The lawyer may terminate this agreement only with court approval.

**6.** **Amount of Attorneys' Fees and Expenses**

**A. Attorneys' Fees:**

The debtor agrees to pay the lawyer a flat fee of $4,500.00 for the lawyer's services in the chapter 13 case.

**B. Expenses:**

The estimated expenses for the case are:    $379.17

These expenses are for:

| | |
|---|---|
| COST- CREDIT REPORT- Single $11.17 | $11.17 |
| COST- CCC Allen Single/Joint PHONE 25 | $25.00 |
| COST - COPIES AND POSTAGE | $25.00 |
| COST - FILING FEE CHAPTER 13 | $313.00 |
| COST - TAX TRANSCRIPTS | $5.00 |

**C. Total Fees and Estimated Expenses:**    $4,879.17

Advance payment by debtor:    $300.00

Balance owed by debtor:    $4,579.17

| | |
|---|---|
| /s/ Lucius McDade | /s/ Brittni Hayes |
| Debtor | Lawyer |
| | 11/29/2023 |
| Debtor | Date |
| 11/29/2023 | |
| Date | |

# Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy (Form 2010)

---

### This notice is for you if:

- **You are an individual filing for bankruptcy,**

  and

- **Your debts are primarily consumer debts.**

  *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

---

## The types of bankruptcy that are available to individuals

Individuals who meet the qualifications may file under one of four different chapters of the Bankruptcy Code:

- Chapter 7 — Liquidation
- Chapter 11 — Reorganization
- Chapter 12 — Voluntary repayment plan for family farmers or fishermen
- Chapter 13 — Voluntary repayment plan for individuals with regular income

**You should have an attorney review your decision to file for bankruptcy and the choice of chapter.**

## Chapter 7:  Liquidation

|   | $245 | filing fee |
|---|---|---|
|   | $78 | administrative fee |
| + | $15 | trustee surcharge |
|   | $338 | total fee |

Chapter 7 is for individuals who have financial difficulty preventing them from paying their debts and who are willing to allow their nonexempt property to be used to pay their creditors. The primary purpose of filing under chapter 7 is to have your debts discharged. The bankruptcy discharge relieves you after bankruptcy from having to pay many of your pre-bankruptcy debts. Exceptions exist for particular debts, and liens on property may still be enforced after discharge. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

However, if the court finds that you have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge.

You should know that even if you file chapter 7 and you receive a discharge, some debts are not discharged under the law. Therefore, you may still be responsible to pay:

- most taxes;

- most student loans;

- domestic support and property settlement obligations;

- most fines, penalties, forfeitures, and criminal restitution obligations; and

- certain debts that are not listed in your bankruptcy papers.

You may also be required to pay debts arising from:

- fraud or theft;

- fraud or defalcation while acting in breach of fiduciary capacity;

- intentional injuries that you inflicted; and

- death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs.

If your debts are primarily consumer debts, the court can dismiss your chapter 7 case if it finds that you have enough income to repay creditors a certain amount. You must file *Chapter 7 Statement of Your Current Monthly Income* (Official Form 122A-1) if you are an individual filing for bankruptcy under chapter 7. This form will determine your current monthly income and compare whether your income is more than the median income that applies in your state.

If your income is not above the median for your state, you will not have to complete the other chapter 7 form, the *Chapter 7 Means Test Calculation* (Official Form 122A-2).

If your income is above the median for your state, you must file a second form - the *Chapter 7 Means Test Calculation* (Official Form 122A-2). The calculations on the form - sometimes called the *Means Test* - deduct from your income living expenses and payments on certain debts to determine any amount available to pay unsecured creditors. If

your income is more than the median income for your state of residence and family size, depending on the results of the *Means Test*, the U.S. trustee, bankruptcy administrator, or creditors can file a motion to dismiss your case under § 707(b) of the Bankruptcy Code. If a motion is filed, the court will decide if your case should be dismissed. To avoid dismissal, you may choose to proceed under another chapter of the Bankruptcy Code.

If you are an individual filing for chapter 7 bankruptcy, the trustee may sell your property to pay your debts, subject to your right to exempt the property or a portion of the proceeds from the sale of the property. The property, and the proceeds from property that your bankruptcy trustee sells or liquidates that you are entitled to, is called *exempt property*. Exemptions may enable you to keep your home, a car, clothing, and household items or to receive some of the proceeds if the property is sold.

Exemptions are not automatic. To exempt property, you must list it on *Schedule C: The Property You Claim as Exempt* (Official Form 106C). If you do not list the property, the trustee may sell it and pay all of the proceeds to your creditors.

## Chapter 11:   Reorganization

|   |   |   |
|---|---|---|
|   | $1,167 | filing fee |
| + | $571 | administrative fee |
|   | $1,738 | total fee |

Chapter 11 is often used for reorganizing a business, but is also available to individuals. The provisions of chapter 11 are too complicated to summarize briefly.

## Read These Important Warnings

Because bankruptcy can have serious long-term financial and legal consequences, including loss of your property, you should hire an attorney and carefully consider all of your options before you file. Only an attorney can give you legal advice about what can happen as a result of filing for bankruptcy and what your options are. If you do file for bankruptcy, an attorney can help you fill out the forms properly and protect you, your family, your home, and your possessions.

Although the law allows you to represent yourself in bankruptcy court, you should understand that many people find it difficult to represent themselves successfully. The rules are technical, and a mistake or inaction may harm you. If you file without an attorney, you are still responsible for knowing and following all of the legal requirements.

You should not file for bankruptcy if you are not eligible to file or if you do not intend to file the necessary documents.

Bankruptcy fraud is a serious crime; you could be fined and imprisoned if you commit fraud in your bankruptcy case. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Chapter 12: Repayment plan for family farmers or fishermen

|   | $200 | filing fee |
|---|------|------------|
| + | $78  | administrative fee |
|   | $278 | total fee |

Similar to chapter 13, chapter 12 permits family farmers and fishermen to repay their debts over a period of time using future earnings and to discharge some debts that are not paid.

### Chapter 13: Repayment plan for individuals with regular income

|   | $235 | filing fee |
|---|------|------------|
| + | $78  | administrative fee |
|   | $313 | total fee |

Chapter 13 is for individuals who have regular income and would like to pay all or part of their debts in installments over a period of time and to discharge some debts that are not paid. You are eligible for chapter 13 only if your debts are not more than certain dollar amounts set forth in 11 U.S.C. § 109.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, usually using your future earnings. If the court approves your plan, the court will allow you to repay your debts, as adjusted by the plan, within 3 years or 5 years, depending on your income and other factors.

After you make all the payments under your plan, many of your debts are discharged. The debts that are not discharged and that you may still be responsible to pay include:

- domestic support obligations,
- most student loans,
- certain taxes,
- debts for fraud or theft,
- debts for fraud or defalcation while acting in a fiduciary capacity,
- most criminal fines and restitution obligations,
- certain debts that are not listed in your bankruptcy papers,
- certain debts for acts that caused death or personal injury, and
- certain long-term secured debts.

## Warning: File Your Forms on Time

Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information about your creditors, assets, liabilities, income, expenses and general financial condition. The court may dismiss your bankruptcy case if you do not file this information within the deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court

For more information about the documents and their deadlines, go to:
http://www.uscourts.gov/bkforms/bankruptcy_forms.html#procedure.

## Bankruptcy crimes have serious consequences

- If you knowingly and fraudulently conceal assets or make a false oath or statement under penalty of perjury - either orally or in writing - in connection with a bankruptcy case, you may be fined, imprisoned, or both.

- All information you supply in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the U.S. Trustee, the Office of the U.S. Attorney, and other offices and employees of the U.S. Department of Justice.

## Make sure the court has your mailing address

The bankruptcy court sends notices to the mailing address you list on *Voluntary Petition for Individuals Filing for Bankruptcy* (Official Form 101). To ensure that you receive information about your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address.

A married couple may file a bankruptcy case together - called a *joint case*. If you file a joint case and each spouse lists the same mailing address on the bankruptcy petition, the bankruptcy court generally will mail you and your spouse one copy of each notice, unless you file a statement with the court asking that each spouse receive separate copies.

## Understand which services you could receive from credit counseling agencies

The law generally requires that you receive a credit counseling briefing from an approved credit counseling agency. 11 U.S.C. § 109(h). If you are filing a joint case, both spouses must receive the briefing. With limited exceptions, you must receive it within the 180 days *before* you file your bankruptcy petition. This briefing is usually conducted by telephone or on the Internet.

In addition, after filing a bankruptcy case, you generally must complete a financial management instructional course before you can receive a discharge. If you are filing a joint case, both spouses must complete the course.

You can obtain the list of agencies approved to provide both the briefing and the instructional course from:
http://www.uscourts.gov/services-forms/bankruptcy/credit-counseling-and-debtor-education-courses

In Alabama and North Carolina, go to:
http://www.uscourts.gov/services-forms/bankruptcy/credit-counseling-and-debtor-education-courses

If you do not have access to a computer, the clerk of the bankruptcy court may be able to help you obtain the list.

Form 13-8

## COURT-APPROVED RETENTION AGREEMENT
### (for cases filed on or after March 15, 2021)

This agreement describes the rights and duties of debtors and their lawyers in Chapter 13 bankruptcy cases in the Northern District of Illinois. The debtor and lawyer must enter into this agreement for the lawyer to receive a flat fee of $4,500.00 as compensation in the case. By signing this agreement, the debtor and lawyer agree to do everything this agreement requires.

**DO NOT sign this agreement unless you have read it and understand it.**

This agreement replaces any conflicting agreement between the debtor and the lawyer. If any provision of another agreement conflicts with this agreement, the lawyer will not be awarded a flat fee as compensation in the case.

The lawyer must perform all tasks reasonably necessary for the bankruptcy case. Performance of those tasks is a condition of receiving the flat fee. The lawyer may not charge any other fees for representing the debtor in the case. The sole exception, explained below, is representation of the debtor in certain lawsuits in the bankruptcy case known as adversary proceedings.

1.      **Duties of the Debtor and the Lawyer**

A.      **Counseling Before Filing a Bankruptcy Case**

Before a bankruptcy case is filed, the debtor must provide financial and other information to the lawyer. The lawyer must evaluate the information and advise the debtor whether filing a bankruptcy case is appropriate, and if so, under which chapter of the Bankruptcy Code. The lawyer must explain the advantages and disadvantages of filing a bankruptcy case.

If filing a chapter 13 bankruptcy case is appropriate, the lawyer must explain how and when attorneys' fees will be paid.

B.      **Documents for the Case**

The lawyer or a member of the lawyer's staff must prepare all the documents required to be filed in the bankruptcy case. The debtor must provide all information the lawyer or a member of the lawyer's staff requests to prepare the documents. Failure to provide requested information will make it difficult or impossible for the lawyer to file the case or to represent the debtor once the case is filed. The lawyer must review each document with the debtor, who must approve and sign the documents.

C.      **Representation of the Debtor throughout the Case**

The lawyer must represent the debtor at the § 341 meeting of creditors and in all court

hearings. The lawyer must prepare and file all motions necessary for the case and must represent the debtor on all other motions that affect the debtor's interests.

The lawyer must examine all claims creditors file in the case and must object to claims if appropriate.

The lawyer must be available to answer the debtor's questions about the case and must answer them in a timely manner.

The debtor must notify the lawyer of any significant change in the debtor's circumstances, such as the loss of a job or the proposed purchase or sale of a home or car. The debtor must also notify the lawyer of any change in the debtor's address, phone number, or email address.

If the debtor and the lawyer decide that the case should be converted to a case under chapter 7, the lawyer must file the notice of conversion.

The lawyer must file and represent the debtor in adversary proceedings for turnover of property of the bankruptcy estate.

## 2.     Attorneys' Fees and Expenses

### A.     Flat Fee for Attorneys' Fees

The lawyer may charge a flat fee for all services required in this agreement. The flat fee may not exceed the amount permitted by the court when the case is filed.

The flat fee does not cover:

- representing the debtor in adversary proceedings other than for turnover of estate property
- representing the debtor in the chapter 7 case, if the case is converted to chapter 7
- representing the debtor in appeals

The debtor and the lawyer can negotiate an additional fee for representation in adversary proceedings not included in the flat fee and for representation in a chapter 7 case if the case is converted.

### B.     Expenses

The lawyer may also charge the debtor for certain actual, necessary expenses incurred in representing the debtor as permitted in this paragraph. These expenses are in addition to the flat attorney's fees. The court must approve all expenses.

The lawyer may charge the debtor for the following expenses:

- Court filing fees
- Fees charged by a credit reporting agency for a credit report
- Copying and postage charges as follows:

    1. A flat fee not to exceed $25 for all copying and postage charges in the case. The copying and postage charges need not be itemized.

    **or**

    2. The actual amount of postage and copying costs (no more than $0.10 per page) incurred in the case. The itemization must state (a) the number of copies and the dates when the copies were made, and (2) the dates and amounts of postage charges incurred.

- Fees charged by the IRS or other taxing authorities to obtain tax returns
- Other actual, necessary expenses, but only if the lawyer submits to the court an itemization of the expenses with supporting copies of invoices or other documents

The lawyer may not charge the debtor for an outside service that serves documents filed in the bankruptcy case.

## C.      Advance Payment to the Lawyer

The lawyer and the debtor must agree on whether the debtor will pay any or all of the attorneys' fee owed for the case before it is filed.

If the debtor makes a payment before the case is filed, the payment will be treated as an advance payment retainer.

The lawyer must explain to the debtor how an advance payment retainer is treated. The lawyer will not hold the retainer in a client trust account and it will become property of the lawyer upon payment. The special purpose of the advance payment retainer is that it permits the lawyer to be paid for essential work that must be performed before the court can consider the lawyer's fee application. The lawyer is not required to keep detailed time records because this is a flat fee agreement. The lawyer need not refund any portion of the advance payment if work is not performed, unless the court orders the lawyer to do so.

## D.      Payment of the Balance during the Case

Attorneys' fees not paid before the case is filed will be paid to the lawyer by the trustee out of the debtor's plan payments. The debtor may not pay the lawyer directly after the case is filed.

The debtor's Chapter 13 plan may not provide for current monthly payments to secured creditors that are other than in equal amounts. The lawyer may not file a Chapter 13 plan for the debtor in which payments to a secured creditor are set at an amount that accelerates payments to the lawyer.

### E.    Additional Fees in Extraordinary Circumstances

In extraordinary circumstances, the lawyer may apply to the court for additional compensation. The application must be accompanied by an itemization of the services rendered.

### 3.    Coverage Counsel

#### A. Disclosure of the Practice

If the debtor's lawyer has a practice of using other lawyers not employed at the same firm to perform any of the lawyer's obligations under this agreement, he must disclose that practice to the debtor before the debtor signs the agreement.

#### B. Identifying Coverage Counsel

If the debtor's lawyer asks another lawyer not employed at the same firm to represent the debtor at the meeting of creditors or at any court appearance, the debtor's lawyer must notify the debtor in advance and must provide the name of the lawyer who will represent the debtor.

#### C. Providing Information to Coverage Counsel

If the debtor has information to give the other lawyer for the meeting of creditors or for a court appearance, the debtor must give that information to the debtor's lawyer. The debtor's lawyer must then promptly forward the information to the lawyer representing the debtor at the meeting or in court.

### 4.    Dismissal or Conversion of the Case

If the bankruptcy case is dismissed or converted to another chapter before all plan payments have been made, the attorneys' fees paid to the lawyer are not refundable, unless the court orders the fees refunded.

If the bankruptcy case is dismissed after the court has granted the lawyer's application for compensation, the lawyer will not enforce the order granting the application against the debtor for any unpaid fees or expenses.

### 5.    Termination of this Agreement

The debtor may terminate this agreement at any time. By terminating the agreement, the debtor ends the lawyer's representation. If the lawyer has not been paid in full when the

agreement is terminated, the court may reduce the balance of attorneys' fees owed based on the services the lawyer provided before termination.

If the debtor terminates this agreement and hires another lawyer, the court may apportion the flat fee between the lawyers.

The lawyer may terminate this agreement only with court approval.

6.      **Amount of Attorneys' Fees and Expenses**

   **A. Attorneys' Fees:**

The debtor agrees to pay the lawyer a flat fee of $4,500.00 for the lawyer's services in the chapter 13 case.

   **B. Expenses:**

   The estimated expenses for the case are:         $379.17

   These expenses are for:

   | | |
   |---|---|
   | COST- CREDIT REPORT- Single $11.17 | $11.17 |
   | COST- CCC Allen Single/Joint PHONE 25 | $25.00 |
   | COST - COPIES AND POSTAGE | $25.00 |
   | COST - FILING FEE CHAPTER 13 | $313.00 |
   | COST - TAX TRANSCRIPTS | $5.00 |

   **C. Total Fees and Estimated Expenses:**          $4,879.17

   Advance payment by debtor:          $300.00

   Balance owed by debtor:          $4,579.17

/s/ Lucius McDade
Debtor

_____
Debtor

11/29/2023
Date

/s/ Brittni Hayes
Lawyer

11/29/2023
Date

-5-

| Debtor 1 | Lucius | D | McDade | Case number *(if known)* | |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

**Part 6:**  **Answer These Questions for Reporting Purposes**

**16. What kind of debts do you have?**

16a. **Are your debts primarily consumer debts?** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

☐ No. Go to line 16b.
☑ Yes. Go to line 17.

16b. **Are your debts primarily business debts?** *Business debts* are debts that you incurred to obtain money for a business or investment or through the operation of the business or investment.

☐ No. Go to line 16c.
☐ Yes. Go to line 17.

16c. State the type of debts you owe that are not consumer debts or business debts.

_____

**17. Are you filing under Chapter 7?**

Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available for distribution to unsecured creditors?

☑ No. I am not filing under Chapter 7. Go to line 18.

☐ Yes. I am filing under Chapter 7. Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available to distribute to unsecured creditors?

☐ No.
☐ Yes.

**18. How many creditors do you estimate that you owe?**

| | | |
|---|---|---|
| ☑ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**19. How much do you estimate your assets to be worth?**

| | | |
|---|---|---|
| ☑ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

**20. How much do you estimate your liabilities to be?**

| | | |
|---|---|---|
| ☑ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

**Part 7:**  **Sign Below**

**For you**

I have examined this petition, and I declare under penalty of perjury that the information provided is true and correct.

If I have chosen to file under Chapter 7, I am aware that I may proceed, if eligible, under Chapter 7, 11, 12, or 13 of title 11, United States Code. I understand the relief available under each chapter, and I choose to proceed under Chapter 7.

If no attorney represents me and I did not pay or agree to pay someone who is not an attorney to help me fill out this document, I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I understand making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

| ✗ /s/ Lucius McDade | ✗ |
|---|---|
| Signature of Debtor 1 | Signature of Debtor 2 |
| Executed on  11/29/2023 | Executed on |
| MM / DD / YYYY | MM / DD / YYYY |

| Fill in this information to identify your case: | | |
|---|---|---|
| Debtor 1 | Lucius        D        McDade | |
| | First Name    Middle Name    Last Name | |
| Debtor 2 | | |
| (Spouse, if filing) | First Name    Middle Name    Last Name | |
| United States Bankruptcy Court for the: | Northern | District of Illinois |
| | | (State) |
| Case number | | |
| (If known) | | |

Check if this is an amended filing

## Official Form 106Dec

# Declaration About an Individual Debtor's Schedules

12/15

If two married people are filing together, both are equally responsible for supplying correct information.

You must file this form whenever you file bankruptcy schedules or amended schedules. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Part 1:   Sign Below

Did you pay or agree to pay someone who is NOT an attorney to help you fill out bankruptcy forms?

☑ No

☐ Yes. Name of person _____    *Attach Bankruptcy Petition Preparer's Notice, Declaration, and Signature (Official Form 119).*

Under penalty of perjury, I declare that I have read the summary and schedules filed with this declaration and that they are true and correct.

**X** /s/ Lucius McDade                                    **X**
Signature of Debtor 1                                        Signature of Debtor 2

Date 11/29/2023                                              Date
MM/DD/YYYY                                                   MM/DD/YYYY

| Debtor 1 | Lucius | D | McDade | Case number (if known) | _____ |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

**28.** **Within 2 years before you filed for bankruptcy, did you give a financial statement to anyone about your business? Include all financial institutions, creditors, or other parties.**

☑ No

☐ Yes. Fill in the details below.

Date issued

_____     _____
Name                                MM/DD/YYYY

_____
Number   Street

_____
City          State        Zip Code

---

## Part 12: Sign Below

I have read the answers on this *Statement of Financial Affairs* and any attachments, and I declare under penalty of perjury that the answers are true and correct. I understand that making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

✗ /s/ Lucius McDade

Signature of Debtor 1

Date 11/29/2023

✗ _____

Signature of Debtor 2

Date

Did you attach additional pages to Your *Statement of Financial Affairs for Individuals Filing for Bankruptcy* (Official Form 107)?

☑ No

☐ Yes

Did you pay or agree to pay someone who is not an attorney to help you fill out bankruptcy forms?

☑ No

☐ Yes. Name of person _____     Attach the *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119).

| Debtor 1 | Lucius | | D | | McDade | | Case number *(if known)* | _____ |
|---|---|---|---|---|---|---|---|---|
| | First Name | | Middle Name | | Last Name | | | |

**Part 4:  Sign Below**

By signing here, I declare under penalty of perjury that the information on this statement and in any attachments is true and correct.

✗ __/s/ Lucius McDade__    ✗ _____
Signature of Debtor 1                                              Signature of Debtor 2

Date __11/29/2023__                                       Date _____
MM/DD/YYYY                                                           MM/DD/YYYY

If you checked 17a, do NOT fill out or file Form 122C-2.

If you checked 17b, fill out Form 122C-2 and file it with this form. On line 39 of that form, copy your current monthly income from line 14 above.

# CHAPTER 13 DISCLAIMERS

1.  I understand that if I owe attorney's fees, those fees will be paid through the Chapter 13 plan and to the extent allowed by the Bankruptcy Court, The Semrad Law Firm will likely be paid before any of my creditors are paid.

    *LM* _____        _____

2.  I understand that The Semrad Law Firm has pulled a credit report, but that said credit report does not report every debt I owe. I understand that it is my responsibility to provide all my debts to The Semrad Law Firm to list in my bankruptcy, and that failure to list a debt could be grounds for said debt(s) being not discharged in my case.

    *LM* _____        _____

3.  I agree that in the preparation of my bankruptcy petition and schedules that I have disclosed to The Semrad Law Firm all my debts, sources of income, assets, personal property, real estate, transfers of real estate over the past 4 years, and expenses.

    *LM* _____        _____

4.  I agree that I will attend my creditors meeting at the time, date and location that will be given to me by The Semrad Law Firm, and also mailed to me by the Bankruptcy Court. That at this meeting I will bring my driver's license or State ID, my social security card, and a recent pay stub if I am working. That failure of me to attend this meeting is grounds for my case to be dismissed. I also understand that failure to bring said requested documents to the meeting can be grounds for the meeting to not be held. *LM* _____        _____

5.  I understand that The Semrad Law Firm will be paid first before all creditors unless otherwise agreed or ordered by the court. *LM* _____        _____

6.  I understand that my first trustee payment is due 30 days after the filing of my bankruptcy case, and every 30 days thereafter. I agree to make my trustee payment every 30 days, and that failure to make my trustee payments is grounds to have my case dismissed.

    *LM* _____        _____

7.  I acknowledge that I have authorized The Semrad Law Firm to submit a payroll control order on my behalf (if applicable) to have my payment deducted from my payroll check each pay period.

    *LM* _____        _____

8.  I understand that if a payroll control order is being submitted, that it is unknown when the trustee payments will be deducted out of my paycheck (usually takes one to two months).  I also agree to make my Trustee payment directly myself to the Trustee until I see the deductions come out of my paycheck.

   _LM_

9.  I understand and agree that it is ultimately my responsibility to make my trustee payments each month and monitor my paycheck each pay period to ensure that not only that the deduction is coming out of my paycheck, but also that it is the correct amount.  I agree that if for some reason the trustee payment stops coming out of my paycheck, or I leave my job that it is my responsibility to make my trustee payments directly to the Trustee.

   _LM_

10.  I understand that when making a trustee payment directly to the Trustee, it can only be made by money order or certified check, and that a personal check or cash cannot be sent to the Trustee.

   _LM_

11.  I agree that I am contributing all the disposable income I have available toward my Chapter 13 plan, and that if my plan is paying my unsecured creditors less than 100%, that the Bankruptcy Trustee can ask that my future tax refunds be tendered to my case while I am in my bankruptcy case.

   _LM_

12.  I understand that if I want to incur credit such as to finance a car or real estate that I need court permission, and agree that I must contact my attorney to obtain such permission.

   _LM_

13.  I understand that I must have filed my federal and state tax returns for the past 4 years if I was legally required to, and failure to have done so is grounds to have my case dismissed.

   _LM_

14.  I understand that if I am legally required by court order to pay domestic support obligations (child support, alimony), that falling in default is grounds to have my case dismissed and/or not receive a discharge in my case.

   _LM_

15.  I understand that my Chapter 13 plan will run between 36 and 60 months, depending on the amount of debt I have, and what the bankruptcy court requires my plan to run.

   _LM_

16. I understand and agree to complete my 2nd credit counseling exit course before my case ends, and submit a copy of the certificate showing I completed this to my attorney.   I also understand that failure to complete this requirement before my case ends is grounds to not receive my discharge.

_____LM_____          _____

17. If I have a garnishment coming out of my paycheck, I agree and understand that it is my responsibility to provide my payroll department with proof of my bankruptcy to stop said wage garnishment. It also my responsibility to contact the garnishing creditor and provide them with proof of my filing.

_____LM_____          _____

18. If a garnishment or voluntary deduction is coming out of my bank account, I agree that it is my responsibility to contact my bank to stop said deduction or garnishment by providing proof of bankruptcy, or requesting my bank to close my account and open a new account.

_____LM_____          _____

19. I understand that my monthly Trustee payment is not finalized and may increase or decrease due to a difference in my income, expenses, and/or my debt amounts.

_____LM_____          _____

20. I agree that I authorized The Semrad Law Firm to file my bankruptcy case, after I reviewed my bankruptcy petition and schedules.

_____LM_____          _____

21. I understand that the entire firm of The Semrad Law Firm represents me, and that while a different attorney might have counseled me and prepared my case, that once my case is filed, one of the attorneys at The Semrad Law Firm will be assigned as my attorney for the remainder of my case.

_____LM_____          _____

22. I understand that if I have had (1) bankruptcy dismissed in the last 12 months, that I only have the benefit of the automatic stay for 30 days, until a motion is granted by the judge extending the automatic stay protection for the remainder of the case.  That if the Judge denies my motion to extend the automatic stay that it is possible that creditors will still be able to take actions such as foreclosing on my real property, repossessing any vehicles, and garnishing my monies.

_____LM_____          _____

23. I understand that if I have had (2) or more bankruptcies dismissed in the last 12 months, that I do not have the benefit of the automatic stay upon the filing of the case, until a motion is granted by the judge imposing the automatic stay protection for the remainder of the case. Until the Judge grants such motion none of my property including my real property, cars or monies are not protected. That if the Judge denies my motion to impose the automatic stay that creditors will still be able to take actions such as foreclosing on my real property, repossessing any vehicles, and garnishing my monies.

_____*LM*_____        _____

24. I understand that if I owe any taxing authority such as the IRS or State of Illinois any income tax debt, that even though I am required to put this debt into my Chapter 13 plan, that tax authorities still have the legal right to offset my next tax refund by the amount(s) they are owed.

_____*LM*_____        _____

# DISCLAIMER FOR INDIVIDUALS WHO OWE INCOME TAX

1. I understand that taxes owed to the Internal Revenue Service (IRS), State of Illinois or any other federal, state, or local tax authority may not be discharged in my bankruptcy, meaning that I may still owe taxes after the completion of my bankruptcy.

   _____LM_____          _____

2. I understand that I will not be discharged of any taxes for which a tax return has been due for less than 3 years.

   _____LM_____          _____

3. I understand that I will not be discharged of any taxes for which a return has been filed for less than 2 years.

   _____LM_____          _____

4. I understand that if I am paying my tax debt in full through a Chapter 13 plan, interest and penalties may still accrue that are not being paid through the plan and I may owe these amounts directly to the IRS after completion of my Chapter 13 plan.

   _____LM_____          _____

5. I understand that if I owe taxes to the Internal Revenue Service (IRS), State of Illinois or any other federal, state, or local tax authority, said tax authority has the right to offset my next tax refund by the amount owed, regardless of whether it is being paid or discharged in my bankruptcy.

   _____LM_____          _____

6. I understand that taxes owed to the Internal Revenue Service (IRS), State of Illinois or any other federal, state, or local tax authority will not be discharged in my bankruptcy if they were assessed within the last 240 days.

   _____LM_____          _____

**Disclosure Pursuant to 11 U.S.C. §527(a)(2)**

You are notified:

1.  All information that you are required to provide with a petition and thereafter during
    a case under the Bankruptcy Code is required to be complete, accurate, and
    truthful.

2.  All assets and all liabilities are required to be completely and accurately disclosed in
    the documents filed to commence the case. Some places in the Bankruptcy Code
    require that you list the replacement value of each asset. This must be the
    replacement value of the property at the date of filing the petition, without
    deducting for costs of sale or marketing, established after a reasonable inquiry. For
    property acquired for personal, family, or household use, replacement value means
    the price a retail merchant would charge for property of that kind, considering the
    age and condition of the property.

3.  The following information, which appears on Official Form 22, Statement of Current
    Monthly Income, is required to be stated after reasonable inquiry: current monthly
    income, the amounts specified in section 707(b)(2), and, in a case under chapter 13
    of the Bankruptcy Code, disposable income (determined in accordance with
    section 707(b)(2)).

4.  Information that you provide during your case may be audited pursuant to
    provisions of the Bankruptcy Code. Failure to provide such information may result in
    dismissal of the case under this title or other sanction, including criminal sanctions.

I have been provided a copy of the above disclosure.

_____      __11-29-23_____
Debtor                               Date

_____      _____
Debtor                               Date

Rev 1/2016

## IMPORTANT INFORMATION ABOUT BANKRUPTCY ASSISTANCE SERVICES FROM AN ATTORNEY OR BANKRUPTCY PETITION PREPARER.

If you decide to seek bankruptcy relief, you can represent yourself, you can hire an attorney to represent you, or you can get help in some localities from a bankruptcy petition preparer who is not an attorney. THE LAW REQUIRES AN ATTORNEY OR BANKRUPTCY PETITION PREPARER TO GIVE YOU A WRITTEN CONTRACT SPECIFYING WHAT THE ATTORNEY OR BANKRUPTCY PETITION PREPARER WILL DO FOR YOU AND HOW MUCH IT WILL COST. Ask to see the contract before you hire anyone.

The following information helps you understand what must be done in a routine bankruptcy case to help you evaluate how much service you need. Although bankruptcy can be complex, many cases are routine.

Before filing a bankruptcy case, either you or your attorney should analyze your eligibility for different forms of debt relief available under the Bankruptcy Code and which form of relief is most likely to be beneficial for you. Be sure you understand the relief you can obtain and its limitations. To file a bankruptcy case, documents called a Petition, Schedules and Statement of Financial Affairs, as well as in some cases a Statement of Intention need to be prepared correctly and filed with the bankruptcy court. You will have to pay a filing fee to the bankruptcy court. Once your case starts, you will have to attend the required first meeting of the creditors where you may be questioned by a court official called a 'trustee' and by creditors.

If you choose to file a chapter 7 case, you may be asked by a creditor to reaffirm a debt. You may want help deciding whether to do so. A creditor is not permitted to coerce you into reaffirming your debts.

If you choose to file a chapter 13 case in which you repay your creditors what you can afford over 3 to 5 years, you may also want help with preparing your chapter 13 plan and with the confirmation hearing on your plan which will be before a bankruptcy judge.

If you select another type of relief under the Bankruptcy Code other than chapter 7 or chapter 13, you will want to find out what should be done from someone familiar with that type of relief.

Your bankruptcy case may also involve litigation. You are generally permitted to represent yourself in litigation in bankruptcy court, but only attorneys, not bankruptcy petition preparers, can give you legal advice.

I have been provided a copy of the above disclosure.

_____        _____
Debtor                                                          Date          11-29-23

_____        _____
Debtor                                                          Date

Rev 1/2016

# VEHICLE INSIDE THE PLAN DISCLAIMER

1. I understand and agree that I have full coverage insurance on my vehicle(s), and that failure to have full coverage insurance is grounds for my finance company(s) to repossess my vehicle(s).

   _LM_ _____    _____

2. I understand that my first trustee payment is due within 30 days of my case being filed, and that if the trustee payment is not received and posted to the Trustee's account within 30 days that this could be grounds to have my car repossessed.

   _LM_ _____    _____

3. I understand that if my car was purchased more than 910 days ago, that I only have to pay back the value of my vehicle, but this value can be disputed by my finance company causing my Trustee payment to increase.

   _LM_ _____    _____

4. I understand that it is my responsibility to contact my car creditor(s) after my bankruptcy case has been filed to alert them that I am in a bankruptcy so my car does not get repossessed.

   _LM_ _____    _____

5. I understand that if I want to sell or trade in my vehicle, that I need court permission and must contact my attorney to obtain such permission.

   _LM_ _____    _____

6. I understand that if there is a co-signer on any vehicle being paid back in the plan, I must pay the contract interest rate in order to receive the vehicle title upon discharge. If I do not pay the contract rate of interest then after discharge I will not receive the title, and the creditor can repossess the vehicle.

   _LM_ _____    _____